R. H. JACKSON, administrator, plaintiff in error, *vs.* NANCY JACKSON, administratrix, defendant in error.

A suit was instituted on a note by Nancy Jackson, administratrix of James Jackson, against Robert H. Jackson, administrator of Alfred Jackson, and on the trial thereof Nancy Jackson was offered as a witness in relation to certain transactions which took place after the death of the respective intestates, touching the payment of the note, and other matters connected therewith:   *Held,* that Nancy Jackson was a *competent* witness under the provisions of the Code, but that she could not testify as to any facts which came to her knowledge by reason of the confidential relation of husband and wife during her coverture as the wife of the intestate.

When there were three credits on the note sued on, one of which was uncertain and doubtful as to the amount and date thereof, and the jury found a verdict for the plaintiff for principal, interest and costs:  *Held,* that the verdict was not sufficiently certain, according to the facts in this case, to authorize a judgment to be entered thereon for any definite sum.

When, on the trial of a case, one of the jurors appeared in the morning to be intoxicated, and the attention of the Court having been called to his condition, and the parties litigant consented to let him remain on the jury, and try the case in his then condition, but it appears by the affidavits of the bailiff and others, that, after the jury had been charged with the case in the evening of the same day, he left the jury and drank more liquor, and otherwise misbehaved, that he conversed with persons during the trial in relation thereto, and said "that he was against the defendant because he was a war man," which facts did not come to the knowledge of the defendant until after the trial: *Held,* that by consenting to take the juror in the morning in his then intoxicated condition, the defendant did not consent that he should drink any more ardent spirits, nor can such consent be construed so as to sanction his subsequent improper conduct in the evening, after being charged with the case.  Besides, he was a *prejudiced,* and not an *impartial* juror, and according to the ruling of this Court in *Blalock vs. Phillips, 38th Georgia Reports,* 216, the verdict should have been set aside.

Competency of wife.  Misconduct of juror.  Uncertainty. Before Judge Bigby.  Heard Superior Court.  March Term, 1869.

On the 9th of February, 1863, A. H. Jackson gave to James Jackson his promissory note for $5,216 32-100, due at one day after date.  They died.  Nancy Jackson adminis-

tered upon James Jackson's estate, she being his widow, and R. H. Jackson administered upon the estate of A. H. Jackson. She, as administratrix, sued R. H. Jackson, as administrator, on said note. The defence was an effort to scale it under the Ordinance of 1865, and to reduce it under the Relief Act of 1868.

The trial began in the evening. Plaintiff's counsel read in evidence the note. On it were credits as follows: "Received 18th March, 1863, two thousand one hundred and fifty-two 50-100 dollars, it being for twenty bales of cotton sold on the 18th March, 1863. JAMES JACKSON." "Received seven hundred dollars, in part payment on the within note. April 25th, 1866. NANCY JACKSON, administratrix." There was also on it, in pencil mark, writing as follows: "Received on the within note the amount of my cotton at twenty cents per pound. March 18th," with the additions of the figures "186," followed by another figure, which plaintiff's counsel thought was a 3, but which defendant's counsel contended was a 4 or a 5. Plaintiff's counsel introduced evidence tending to show that this note was in renewal of an *ante bellum* note given for land.

Court adjourned till next morning. When the jury reassembled, one of them was drunk. The Court called the attention of counsel upon both sides to this, and inquired what they would do. Judge Featherston, one of defendant's counsel, said he was willing to let him remain on the jury, and plaintiff's counsel consented. The juror was then so drunk that it was plain that he was incompetent. The Court then fined the juror $15 00. Judge Bigham, also counsel for defendant, asked the Court to put his order in the shape of a rule *nisi* and let the juror show cause next morning, as he might get into a condition by that time to explain his conduct.

Upon said consent of counsel, the Court ordered the cause to proceed with the drunken man on the jury. During the adjournment for dinner said juror again drank liquor, and conversed with persons, and said that he "was against defendant, because he was a war man." Defendant testified to

facts tending to show that plaintiff agreed that said note should be scaled, and that said payment to her was to have been accepted as a full payment of the note. Plaintiff, on her own behalf, testified, denying such an understanding and stating facts learned by her while attending to her husband's business for him in his lifetime, touching the consideration, etc. This was allowed, though she was objected to upon the ground that she was incompetent. Other testimony was introduced *pro* and *con* as to the value of the land, the facts and circumstances of the trade, the loss of property by defendant, etc. The case was argued, the jury was charged, and retired about sundown to make up their verdict. Before the jury began considering the cause, said juror, without the consent of the bailiff in charge of the jury, but against his remonstrance, went to a grocery, took another drink, and then returned to the jury-room. His only misconduct in the room appears to be, that he tried to get out to get more liquor. One of the jurors swore that he thought that the drunken man understood the cause as well, if not better, in the jury-room than when on the trial. The verdict returned was "in favor of plaintiff for principal, interest and costs," and without any explanation of it, judgment was entered up for $3,077 58, principal, $623 93, for interest, up to 19th of March, 1869, and costs of suit.

Defendant's counsel moved for a new trial upon the grounds that Nancy Jackson should not have been allowed to testify, because of the uncertainty of the verdict, and because of the misconduct of said juror, and they showed the said misconduct, and that all of it which occurred after the consent to keep him on the jury came to the knowledge of the defendant and his counsel after the verdict was rendered. The new trial was refused, and error was assigned upon each of said grounds, and many others not passed upon here.

None of the evidence was in the bill of exceptions, nor identified by the Judge, but this was waived by attorney for defendant in error.

Jackson *vs.* Jackson.

L. H. FEATHERSTON, B. H. BINGHAM, C. W. MABRY, for plaintiff in error, cited: as to competency of the widow: Irwin's Code, section 3744, 3788; 2 Starkie, 399; 1st Gr. Ev., 384; as to the misconduct of the drunk juror, 15th Ga. R., 39; 11th, 444; 24th, 269; 26th, 528; 37th, 333; 38th, 416; Graham & W. on N. Trials, 382-3-4-5, 561-2-3.

SPEER & SPEER, for defendant, replied: as to widow's competency: Irwin's Code, sec. 3798; Acts 1868, 139, 149, sec. 5; Adams. vs. Jones, 39th Ga. R.; 37th Ga. R., 118; 36th, 567; the consent to take the drunk juror estops defendant: Broom's L. Max., 103; 2 Gr. & W. on N. Trials, 149, 474-5-6; 466-7-8-9; 36th Ga. R., 345; 37th Ga. R., 339; 23d, 494; 18th, 537; as to the verdict "*id certum est quod certum reddi potest*": 20th Ga. R., 50; 34th, 575; the remark of juror being without plaintiff's consent, no ground for new trial: 2 Gr. & W. on N. Trial, 571-2-3, and that at any rate justice was done.

WARNER, J.

Mrs. Jackson was a *competent* witness on the trial of the case, under the 3798th section of the Code, but she should not be allowed to testify as to any fact which come to her knowledge by reason of the confidential relation of husband and wife, during her coverture, as the wife of her deceased husband: 1st Greenleaf's Evidence, sections 254, 337.

The jury found a verdict for the plaintiff for principal, interest and costs. In view of the fact that one of the credits on the note' was uncertain, both as to the amount and date thereof, and was disputed on the trial, the verdict in this case was too uncertain to authorize a judgment to be entered thereon for any definite sum. The jury should have found, by their verdict, whether they allowed or disallowed the disputed credit by finding a definite sum for the plaintiff. When there is no dispute as to the amount due on a note, or as to the amount of the credits thereon, the verdict of the jury will be considered sufficiently certain which can be made cer-

tain by reference to the undisputed sum due on the note, but that is not the case here.

By consenting to take the juror, Fuller, in the morning, in his then intoxicated condition, the defendant did not consent that he should drink any more ardent spirits, nor can such consent be construed so as to sanction his subsequent improper conduct in the evening after being charged with the case. Besides, he was a *prejudiced,* and not an *impartial,* juror, as appears from his declarations sustained by the affidavits in the record, having declared "that he was against the defendant because he was a war man." These facts did not come to the knowledge of the defendant until after the trial. According to the ruling of this Court in *Blalock vs. Phillips, 38th Georgia Reports,* 216, the verdict should have been set aside, and a new trial should have been granted.

Let the judgment of the Court below be reversed.