WILLIAM DAVIS, agent, plaintiff in error, *vs.* D. W. WEAVER, *et al.*, defendants in error.

1. The law places the granting or refusal of injunctions in the sound discretion of the Judges of the Superior Courts; unless that discretion has been manifestly abused, this Court will not control its exercise. We see no abuse of the discretion in the present case, in which the injunction has been partially granted, as asked for. Certainly none of which plaintiff can complain.

2. Upon the hearing of the motion to make an injunction permanent, it is not error in the Chancellor to receive the affidavit of the wife of one of the defendants, in relation to facts not coming to her knowledge from confidential communications of her husband.

Injunction. Discretion. Affidavit. Husband and wife. Before Judge SESSIONS. Pierce county. At Chambers. May 19th, 1872.

William Davis, as agent for, and in right of his wife, filed his bill against D. W. Weaver, D. E. Knowles and E. T. Sweat, containing, substantially, the following allegations, to wit: That defendants, Knowles and Weaver, purchased from Woodard and Sweat, for the sum of $8,000, a saw mill, fixtures and timber, for the purpose of sawing said timber for market; that after said purchase, Cassie Davis, the wife of complainant, at the instance of said defendants, Weaver and Knowles, through complainant, as her agent, became a partner in said mill, it being agreed that the firm business should be carried on in the name of D. W. Weaver; that said firm continued business from January 29th, 1872, to March 1st, 1872, during which time complainant furnished partnership money, provisions and other articles to the

Davis *vs.* Weaver *et al.*

amount of $83 85, also the use of a four mule team and wagon; that on March 1st, 1872, the said defendants, Weaver and Knowles, without the knowledge or consent of complainant, sold said saw mill property to the defendant, Sweat, for the sum of $11,000, which was to be paid as follows: Said Sweat to assume the indebtedness of $8,000, to Woodard and Sweat, for the original purchase of said property, and to give to said firm of D. W. Weaver three promissory notes dated March 1st, 1872, due the first days of May, June and July, 1872, each for the sum of $1,000; that complainant claims said three notes to be net profits made by said firm on said saw mill property; that since said sale said firm of D. W. Weaver has suspended business, the object of the formation of said firm having ceased to exist; that there is due to complainant one of said promissory notes, or the sum of $1,000, as his share of the profits of said business; that defendants, Weaver and Knowles, have possession of said notes and of the books and accounts of said firm, and refuse to account; that complainant is unable to obtain a settlement of said partnership business; that defendants are proceeding to collect said partnership notes and to apply the proceeds to their own use; that said defendants, Weaver and Knowles, are insolvent; that complainant is remediless at law; prayer, that Farley R. Sweat be appointed Receiver, to take an account of all the partnership dealings, debts and liabilities, and to pay the same, and after paying said liabilities to divide and pay to each partner of said firm the one-third part of the profits; that said defendants, Weaver and Knowles, be enjoined from transferring the aforesaid notes, and said defendant, Sweat, from paying the same until the further order of the Court; that a full account be had and a decree passed dissolving said copartnership; that the writ of subpœna may issue.

On April 20th, 1872, the Receiver was appointed and injunction granted by the Chancellor as prayed for in the bill, and defendants required to show cause why said injunction should not be made perpetual.

The answers of the defendants, Weaver and Knowles, de-

nied that there had ever been any such partnership formed as was set up in the bill; denied the insolvency of Weaver; admitted that complainant had furnished a four mule team and wagon for use at the mill, but alleged that the same had been returned at the time of the sale of said property to said defendant Sweat.

In support of these answers the defendants tendered the affidavit of Charlotte Knowles, the wife of defendant, Knowles. Complainant objected to its admissibility; the objection was overruled and complainant excepted.

The answer of defendant Sweat, based upon the admissions made at different times by the defendants, Weaver and Knowles, sustained the allegations of the bill, except as to defendant's insolvency.

On May 10th, 1872, the Chancellor passed the following order, to wit: "After hearing argument on the within cause as to whether the temporary injunction should be made permanent or not, it is ordered by the Court that the temporary injunction be and is hereby dissolved as to two of the $1,000 notes, one due on the first day of May, and one on the first day of June of the year 1872. It is further ordered by the Court, that the injunction be and is hereby continued and made permanent as to the $1,000 note due July 1st, 1872, or until the further order of this Court.

"It is further ordered by the Court, that Farley R. Sweat, be and is hereby appointed Receiver, as prayed for, so far as the $1,000 note is concerned, due the first day of July, 1872."

To which order complainant excepted, and assigns error as follows, to-wit:

1st. The Chancellor erred in admitting in evidence the affidavit of Charlotte Knowles, she being the wife of the defendant, D. E. Knowles.

2d. The Chancellor erred in not making the injunction permanent as to all the notes, and in not directing the Receiver to take charge of them.

Davis *vs.* Weaver *et al.*

J. C. NICHOLS; P. B. BEDFORD, represented by NEWMAN & HARRISON, for plaintiff in error.

L. H. GREENLEAF; J. L. HARRIS, represented by S. B. SPENCER, for defendant.

MONTGOMERY, Judge.

1. This Court can only control the discretion of the Judge of the Superior Court where it has been manifestly abused. The law places the granting or refusal of an injunction in his, not our discretion. Though we may differ from him as to the soundness of its exercise in any given case, we may not interfere unless the facts show *manifest abuse* of it. Under the facts of this case it is not made manifest that there has been any abuse. The bill claims that *profits* have been made, not losses incurred, for which complainant might be held liable, and asks for a Receiver to take charge of such profits. A Receiver has been appointed and ordered to take charge of all that complainant is entitled to by the showing made in his bill, except some $83 50 and use of one team, for which, if a partnership existed, he may have a right to an account on the final hearing, but hardly to an injunction and Receiver in face of the uncontradicted denial of insolvency on Weaver's part, in whose hands all the assets of the firm, if firm there was, appear to be. That Weaver returns no property in Pierce county is no evidence that he has no property elsewhere. How can this complainant be hurt by permitting the other partners to control their own share of the profits ? The answers of Weaver and Knowles deny the partnership and alleged insolvency of defendant Weaver.

2. The affidavit of Charlotte Knowles in relation to facts not coming to her knowledge through confidential communications of her husband, one of the defendants, was properly received: *Jackson vs. Jackson*, 40 *Ga.*, 150; *McIntire vs. Meldrine, Ibid*, 490.

Judgment affirmed.