STANFORD *et al. vs.* MURPHY, administrator.

1. Where the answer of the defendant has been prepared and its contents have come to the knowledge of the complainant or his counsel, and the bill is then amended waiving discovery, this court will not interfere with the ruling of the superior in disallowing the waiver and holding the answer evidence, though the answer was not actually filed before the amendment.

2. The bill and amendments make one pleading, and the answer and amendments another; and where discovery has been had to part of

the case made by the bill as first filed without waiver, discovery as to subsequent amendments cannot be waived so as to exclude any part of the entire answer.

3. If in consideration that the case be tried, defendant withdraws the plea of the statute of limitations and of his discharge as administrator, the court should not charge in respect to the questions made by said plea, though some evidence thereon may have been before the jury in a transcript from the records of the court of ordinary.

4. Where the question at issue was the responsibility of an administrator for a promissory note held by himself against the decedent, alleged to have been forged and fraudulent, and if ever valid, paid off in cotton by the decedent to the administrator, the administrator is competent to testify in respect to transactions subsequent to the death of decedent, but incompetent as to everything which transpired prior thereto between himself and decedent, in respect either to the validity of the note or to the payment or non-payment thereof in cotton or otherwise.

5. The wife is an incompetent witness for or against the husband in regard to any information derived from his confidence in her; and therefore she cannot testify in respect to papers consigned to her care by her husband, and kept exclusively by her under her own lock and key.

6. Whilst the answer of the respondent is evidence before the jury when responsive to the bill, yet what portions thereof are responsive or not are questions for the court; and the court should instruct the jury not only what part is responsive but what is not, so that the jury may know as well that which is not, as that which is testimony.

Equity. Practice in the Superior Court. Evidence. Charge of Court. Witness. Husband and wife. Before Judge SIMMONS. Pike Superior Court. April Term, 1879.

To the report contained in the opinion it is only necessary to add that the following were among the grounds of the motion for new trial:

1. Because the court held that complainants could not amend their bill so as to waive discovery after ascertaining what was the answer of defendant, although it had not been filed.

2. Because the court charged in reference to the statute of limitations, the plea on the subject having been withdrawn. [It appears that the defendant filed a plea of the statute of limitations by which complainants claimed to be

26

surprised and asked a continuance; whereupon defendant, in order to prevent a continuance, agreed to withdraw this plea, and did withdraw it. Both sides then announced ready, and the case proceeded. During the progress of the trial, complainants introduced in evidence a record showing the discharge of the administrator. In opening the argument for the defense, counsel insisted that, as this evidence had gone in without objection, the court should charge in reference to the statute of limitations. Counsel for complainants objected, but did not again move for a continuance. The court gave the charge.]

3. Because the defendant was incompetent to testify in relation to matters stated by him. [It was claimed by the complainants that the note, if good at all, had been paid by the decedent in cotton. Witness testified to the delivery of cotton and a conversation between defendant and decedent in regard thereto at the time. In his testimony, defendant denied the receipt of the cotton as testified to; he admitted the receipt of some cotton, but explained that it was not connected with this note. The remainder of his testimony was mainly confined to transactions and conversations with living parties.]

4. Because, in relation to the validity of the note, defendant's wife was allowed to testify as follows, complainants' counsel objecting: "The note was in my husband's possession all the while. I always put away his notes and money for him, and got them for him whenever he wanted them. In looking over the package, I frequently saw this note." [On cross-examination, the witness stated that she was the only one that took care of the papers and had access to them. Her testimony was objected to on the ground that it arose out of her confidential relation with her husband.]

5. Because the court failed to charge that matters in the answer other than those which were responsive to the bill were not evidence. On this subject he charged as follows: "The bill charges the note for $1,275.62, claimed by de-

fendant to have been given by Purifoy to him is not a genuine note, but was forged. The answer in reply to this charge is responsive to the charge, and is evidence for defendant, and it is conclusive upon that point, unless it is overcome by two witnesses, or one witness and corroborating circumstances. But if so overcome, then the answer is not conclusive. The amended bill alleges that all the indebtedness from Purifoy to Murphy was settled in a cotton transaction during the life of Purifoy. The answer of the defendant in reply to this charge is responsive to the charge, and is conclusive on that point, unless it is overcome by two witnesses, or by one witness and corroborating circumstances," etc.

The motion was overruled, and complainants excepted.

J. F. REDDING ; J. J. ROGERS, for plaintiffs in error.

J. S. BOYNTON ; STEWART & HALL ; HUNT & TAYLOR ; B. M. TURNER, for defendant.

JACKSON, Justice.

The bill was filed by certain legatees against the administrator with the will annexed of Stanley Purifoy, to recover the sums due them under the will. Subsequently an amendment was made laying special stress upon the payment to himself by the defendant, Murphy, of a promissory note made by the testator to him for borrowed money ; and the issue was narrowed to the validity of this note, and if valid, to its payment in cotton in the life-time of the testator. The verdict was for the defendant, a motion was made for a new trial on many grounds, it was overruled, and we will consider such grounds as are necessary to be ruled—the others being of no consequence, or properly ruled by the court, if of any.

1. It seems that when first filed, the bill had no waiver of discovery, and that discovery was afterwards waived. It appears, however, that the complainants ascertained what

would be defendant's answer, or what it was as prepared, before they filed the waiver; and the presiding judge held them estopped from waiving the answer after they had peeped, as it were, into their adversary's hand. With the ruling of the judge in this matter we decline to interfere. All wilful wrong-doing on the part of anybody was not pressed at all before us; but the presiding judge ruled properly, we think, that when one searches the conscience of another and makes him swear, and discovers what, or parts of what, he does swear, whether rightfully or wrongfully, he may not then say that will do me no good, and in effect repudiate the search and reject the discovery.

2. But in this case, after the amendment was in waiving the discovery, there was another amendment of the bill, to which there was answer filed; and it is insisted that the waiver of discovery is good at least as to this answer. We think not, because then a complainant might amend to suit the case made by the answer already in, and having got all the information he desired to shape his case, then, taking advantage of so much forced out of the respondent, waive all the rest, so as in effect to utilize part of what his adversary had to say, and not permit him to tell the remainder of the transaction with the same advantage. Equity ought not to tolerate such skirmishing. The skirmish-line must show every point of attack; no surprise will be allowed in her battles, but the field must be open and the fight fair. Therefore, when the bill is once filed and discovery of the respondent's position had, and part of his forces uncovered, the right will be accorded to him to uncover his whole line without any disadvantage in so doing When, then, in this case the complainants got information from the respondent, without waiver, as to part of their case, they must take all on the same terms; having received a part, they can waive none.

3. But we do not agree with the court below in respect to the charge on the statute of limitations, or the discharge of the defendant, after the agreement in open court to withdraw the plea, if complainants would try. The plea

was put in at the trial term; complainants said they were surprised; and the court was about to continue the case, when defendant agreed to withdraw the plea to get a trial. The agreement was executed on both sides, so far as the withdrawal and trial would do it, and it should have been enforced throughout. It matters not how evidence got in on the question of discharge of the administrator, or of the statute of li nitations; the plea was withdrawn to get a trial; and no evidence about it should have weighed a feather in that trial. The same spirit of fairness which forced the complainants to yield their waiver of discovery will coerce the defendant to waive any advantage he got by any evidence sustaining a plea which was withdrawn. Indeed, the limitation act must always be pleaded, unless the case on the face of complainants' pleadings show the bar of the statute.

4. Some of the testimony of the administrator was admissible, but some was not. All that transpired in the life-time of the decedent touching the making of this note or the denial that it was forged or fraudulent, is clearly inadmissible, because the mouth of the other party is sealed in death. So, all that he testified to in respect to the cotton which it was alleged paid the note while the testator was alive, is equally inadmissible; because the mouth of the man who paid him off in cotton, if he was paid off in it, is sealed in death. All explanations he made about the cotton should be excluded if it related at all to any cotton transaction between him and the dead for the same obvious reason, and that is that the dead cannot confront the living and reply to the explanations. He might explain too.

On the other hand, all that transpired between him and others since testator's death, or even before the death in the absence of testator and testified to by others alive, and in respect to which testator could not confront him or explain, is admissible. These rules, we think, can be easily applied and will guide on the next trial. It should be remarked, however, that this is a peculiar case. The administrator

holds himself the note, he paid himself the amount of it, he possessed himself of the papers of the testator, he represented both sides after testator's death, and the statute in respect to the exclusion of the evidence of the living against the dead in such a case should not be fritted away but rigidly enforced.

5. The wife was incompetent to tell about the note and its confidential deposit with her by her husband—she having the exclusive access to the drawer and nobody else— she keeping the note with his other papers sacred from all eyes but his and hers. Any confidential communication from husband to wife may not be divulged in any court, for the reason that the fact communicated was disclosed in the privacy of the marital relation and the peace of the household might be disturbed if it were divulged. Upon precisely the same principle, any knowledge acquired by the wife on account of the trust confided to her by her husband of any fact whatever should be excluded; whether the husband told it to her out of his mouth or showed it to her in a letter, or pointed it out with his hand, or locked it up and gave to her alone access to it by entrusting her with the key. If competent to swear for him, she is competent to swear against him; and suppose that in this case she had been introduced by the complainants to show that she kept her husband's papers in that drawer, and that this note never was seen among them until the death of the testator, and she had so sworn, what a disturbance would have been produced between man and wife! and what would have been left of peace in that home! The rule must work both ways; she must not be allowed to testify about facts ascertained by reason of such confidential intercourse at all.

6. The court should have stated to the jury not only that two portions of the answer, naming them, were responsive, and whatever else was responsive they should treat as evidence to be overcome by two witnesses, or by one and circumstances, but he should have told them what else was responsive, and then he should have added, we

think, that all the rest was not responsive and not to be considered by them as evidence, unless all of it was responsive, which is hardly ever the case. And so it has been held.

Inasmuch as we grant a new trial, we make no comment upon the evidence, except to remark that it is not so overwhelming as to necessitate this verdict despite errors of law, but conflicting to an extent that demands that it should be tried again, and that the facts be sifted so as, if possible, to reach the truth and do justice to all.

Judgment reversed.