## 40541. BALLARD v. THE STATE.

MARSHALL, Presiding Justice.

The appellant, Richard Ballard, Jr., was convicted of the murder of his 15-month-old son, Willie Ballard. He was given a sentence of life imprisonment. His motion for new trial was denied. He now appeals. We affirm.

The evidence showed that the appellant had a history of abusing his other teen-age son, as well as the baby, Willie. As a result, the children were temporarily taken away from the appellant and his wife, Julia Ballard, but the children were later returned to them.

Emergency medical personnel were called to the parties' trailer on the evening of May 7, 1982. At that time, bruises were observed all over the victim's body, and he exhibited no signs of life. An examination of the child by the Georgia State Crime Laboratory revealed massive bruises throughout the body, with resultant hemorrhaging increasing cranial pressure that stopped the blood supply to the child's brain and lungs. The cause of the child's death was diagnosed as subdural hematoma caused by a physical injury resulting in asphyxia, and there was evidence of other minor brain hemorrhages that had occurred some weeks prior to his death.

Both the appellant and his wife, Julia, were taken into custody, and, after being given Miranda warnings, they both gave statements to the police. In his statement, the appellant admitted that on the evening of May 7 he had severely beaten the child with his fists and with a comb, because the child could not walk; that he had thrown the child from one room to another; and that he had become scared when the child lost his breath. Julia Ballard's statements to the police corroborated the appellant's statements concerning what he had done to the child prior to his death. Julia Ballard also stated that there were other instances in which the appellant had abused the children, but she did not report this to the welfare people because she was afraid that the children would be taken away from them.

The appellant and his wife, Julia, were jointly indicted for cruelty to children and murder. At their joint trial, a Jackson v. Denno hearing was held as to the admissibility of the appellant's out-of-court statements and as to the admissibility of Julia Ballard's out-of-court statements. Both the statements of the appellant and his wife were held to be admissible, but the jury was instructed to consider the appellant's statements as evidence only against him and to consider his wife's statements as evidence only against her.

However, at the conclusion of the evidence, Julia Ballard's motion for directed verdict of acquittal was granted. At that point, counsel for the appellant requested that a mistrial be declared. The

trial judge refused to declare a mistrial, but the jurors were instructed to completely disabuse their minds of and disregard the out-of-court statements made by Julia Ballard.

At the hearing on the appellant's motion for new trial, he presented evidence that during the prosecuting attorney's preparation of this case for trial, he had been informed that some social workers had visited the Ballard home on the day of the baby's death, and Julia Ballard had told one of the social workers that a bump on the baby's head had been caused by his falling out of bed.

In this appeal, the appellant enumerates the following alleged errors: (1) The trial court erred in permitting the introduction in evidence of the out-of-court statements of Julia Ballard and in failing to grant a mistrial after her motion for directed verdict of acquittal was granted. In this regard, the appellant complains that the confession of a conspirator made after the conspiracy has ended is admissible only against that conspirator, that a wife has the privilege of not testifying against her husband in a criminal proceeding, and that he was denied the opportunity to cross-examine his wife because she did not testify at trial. (2) The trial court erred in failing to grant the appellant's motion for new trial because of the state's failure to provide the exculpatory information concerning Julia Ballard's statements to the social worker pursuant to the appellant's Brady motion. *Held:*

1. In Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), the United States Supreme Court held that a criminal defendant's Sixth Amendment right to confront witnesses against him was violated by the admission in a joint trial of a confession of a codefendant implicating the defendant, where the codefendant did not testify and the defendant maintained his innocence. The Supreme Court in Bruton rejected the argument that in that situation a codefendant's confession should be admitted against that codefendant only, with a limiting instruction by the trial judge to the jury that the confession of a codefendant could only be used against the codefendant making the confession.

However, in Parker v. Randolph, 442 U. S. 62 (99 SC 2132, 60 LE2d 713) (1979), a three-Justice plurality of the Supreme Court held that where the defendant's own confession is properly introduced at trial, it is not error to admit an interlocking confession(s) of a codefendant(s) if proper limiting instructions are given to the jury. One Justice concurred in the judgment on the ground that any error in admission of the confessions of the codefendants in violation of Bruton was harmless under the facts of the case. Three Justices dissented. One Justice took no part in the decision of the case.

It would appear to us that the out-of-court statements given to the police by the appellant's wife were exculpatory as to her and inculpatory as to him and, therefore, did not constitute a confession at all. We thus conclude that the admission of these statements did violate the appellant's rights under the Confrontation Clause of the Sixth Amendment. The question thus arises as to whether the remaining evidence against the appellant was so strong that the admission of the wife's statements in violation of the appellant's Confrontation-Clause rights was harmless error beyond a reasonable doubt. Another issue is whether it can be said that the trial judge's instruction to the jury to disregard the wife's out-of-court statements was sufficient to cure the error. Although these questions are close, given the strength of the remaining evidence and the limiting instructions given by the judge, we hold that any error in admission of the wife's statements was harmless beyond a reasonable doubt under Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967).

2. Did admission of the wife's statements violate the spousal testimonial privilege?

"Husband and wife shall be competent but not compellable to give evidence in any criminal proceeding for or against each other." OCGA § 24-9-23 (Code Ann. § 38-1604). However, this privilege belongs to the spouse testifying in a criminal proceeding, not to the defendant. *Stanley v. State,* 240 Ga. 341 (6) (241 SE2d 173) (1977); Corn v. Zant, 708 F2d 549, 565 (11th Cir. 1983); accord Trammel v. United States, 445 U. S. 40 (100 SC 906, 63 LE2d 186) (1980).

Here, the wife invoked her testimonial privilege and chose not to testify against her husband at trial; the out-of-court statements of the wife were admitted in evidence, not through her testimony, but via recorded tapes and the accompanying transcript of her post-arrest interview. While her out-of-court statements are inadmissible against the appellant for other reasons given in Div. 1, supra, since these statements were freely and voluntarily made by the wife they are not inadmissible on the ground that their admission violates the spousal testimonial privilege.

3. It is questionable whether the information here concerning the statements made by Julia Ballard to the social worker are even exculpatory, in that these statements concern an injury sustained by the child prior to the fatal injuries on the night he was so severely abused by the appellant. In any event, where, as here, the omitted evidence was discoverable by the defense only under its general Brady request for anything exculpatory, the prosecutor will not have violated his constitutional duty of disclosure unless such omitted evidence creates a reasonable doubt as to the defendant's guilt which

did not otherwise exist. United States v. Agurs, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976); *Wallin v. State,* 248 Ga. 29 (6) (279 SE2d 687) (1981). The omitted evidence here does not meet this standard of materiality. Accordingly, the trial judge did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED JANUARY 25, 1984.

*Dallas, Fowler, Wheeler & Wills, Samuel A. Fowler, Jr.,* for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.