## A90A2077. BROWN v. THE STATE.
(404 SE2d 469)

ANDREWS, Judge.

Brown was convicted of possession of cocaine and brings this pro se appeal of the judgment entered on the conviction.

Brown, who was a confidential informant to various law enforce ment agencies, took a container of crack cocaine from an evidence fil

cabinet in the District Attorney's office, while he was waiting there to be called by the state as a witness. The defendant's wife (from whom he is now divorced) testified for the state that she and her infant son accompanied Brown to the District Attorney's office, where she observed him take the cocaine from the cabinet, place it in the child's diaper bag, and later use the cocaine.

Evidence was also admitted that Brown made a formal confession of the crime, and a voluntary admission while he was incarcerated. Brown testified that his wife took the cocaine from the cabinet, and he confessed to protect her. He denied making the statement attributed to him in jail.

1. In his first two enumerations of error, Brown claims the trial court erred in allowing his wife to testify, over his objection, that she saw him take the cocaine and use it. He argues this testimony was rendered inadmissible by the privilege set out in OCGA § 24-9-21 (1) excluding from evidence confidential communications between husband and wife.[1] As the communicating spouse, Brown has the right to exercise this privilege even after the dissolution of the marriage (*McCord v. McCord*, 140 Ga. 170, 174 (78 SE 833) (1913)), and, as the one who seeks to establish the privilege, has the burden of proving it applies to the testimony at issue. See *Marriott Corp. v. American Academy*, 157 Ga. App. 497, 501-506 (277 SE2d 785) (1981) (burden on one seeking to exclude evidence under privilege in OCGA § 24-9-21).

To invoke the privilege, Brown must prove that the testimony he seeks to exclude described a confidential communication he made to his wife. *Wilcox v. State*, 250 Ga. 745, 754-755 (301 SE2d 251) (1983). The privilege does not exclude all communications between husband and wife, but only those which are made in reliance upon the special trust and confidence placed in the marital relationship. *Georgia Intl. &c. Co. v. Boney*, 139 Ga. App. 575, 578 (228 SE2d 731) (1976). Acts, as well as the written or spoken word, may qualify as confidential communications, where the actor invites the presence or attention of his spouse to convey knowledge in such a way that "the act is as much a communication as would be his words to her describing the act." Id. at 578. Acts done "solely for the sake of doing it . . . [or] in disregard of, or indifference to . . ." the presence of the spouse are not considered confidential communications within the marital relationship. Id. at 578-579.

Under *Boney*, for an act to qualify as a confidential communica-

---

[1] A related but separate privilege is described by OCGA § 24-9-23, which provides that the wife is competent but not compellable as a witness against her husband in the criminal proceedings. This privilege does not apply since it belongs not to the defendant, but to the testifying wife, who chose not to exercise it. *Ballard v. State*, 252 Ga. 53, 55 (311 SE2d 453) (1984).

tion it must be in the nature of an assertive communication where the action itself is as much a communication as would be words describing it. Assertive conduct, within the privilege, would include acts and gestures which are clearly intended to convey meaning to the other spouse, such as a sign or gesture with a specific message. An example of non-assertive conduct, not within the privilege, would be an action of one spouse observed by the other without his or her knowledge. The difficult cases are those like the present one, where the husband's actions were taken with the knowledge that his spouse was observing, but there is a lack of any clear proof that "the act is as much a communication as would be his words to her describing the act." *Boney*, supra at 578. Accord *State v. Hannuksela*, 452 NW2d 668, 674-678 (Minn. 1990); Wigmore on Evidence, § 2337 at 657 (McNaughton rev. 1961).

In the instant case Brown has failed to carry the burden of proving that his actions should be privileged as confidential communications to his wife. The wife's testimony shows she observed Brown take the cocaine, place it in a diaper bag, and later use it. She testified she made no comment and took no action at the time because she feared her husband's violent nature. There was no additional evidence offered to establish more than the mere presence of the wife during these acts. Under these circumstances, we will not assume there was any special reliance on the marital relationship, or other factors (such as assuming the wife was entrusted with the contraband) indicating the action was a confidential communication. The trial court correctly ruled that the wife's testimony was not excluded by the privilege afforded in OCGA § 24-9-21 (1).

The evidence was sufficient for a rational trier of fact to find Brown guilty of the charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have examined Brown's remaining enumeration of error regarding a jury charge on the weight to be given certain evidence and find it to be without merit.

*Judgment affirmed. McMurray, P. J., Banke, P. J., and Birdsong, P. J., concur. Beasley, J., concurs in judgment only. Sognier, C. J., Carley, Pope and Cooper, JJ., dissent.*

POPE, Judge, dissenting.

In this case the defendant, knowing his wife was watching, committed a crime in front of her and concealed the evidence of the crime in a bag in her apparent possession. I can only conclude that defendant acted in reliance upon the confidential relationship between husband and wife and that the wife's knowledge of the crime was acquired in confidence. Thus, the wife's testimony concerning what she learned from defendant's acts should have been excluded by the priv

ilege afforded in OCGA § 24-9-21 (1).

The acts in question here are not routine daily activities which were engaged in without regard to the presence of defendant's wife, which would be non-privileged pursuant to the holding in *Georgia Intl. &c. Co. v. Boney*, 139 Ga. App. 575 (228 SE2d 731) (1976). Neither were they acts which were merely circumstantial evidence of the crime with which he was charged, as were the acts witnessed and testified to by the defendant's spouse in *State v. Hannuksela*, 452 NW2d 668 (Minn. 1990), cited in the majority opinion. "[A]ny knowledge acquired by the wife on account of the trust confided in her by her husband of any fact whatever should be excluded, whether the husband told it to her out of his mouth or showed it to her in a letter, or pointed it out with his hand, or locked it up and gave to her lone access to it by entrusting her with the key." *Georgia Intl. &c. Co. v. Boney*, supra at 578. Here, defendant not only committed an illegal act in the presence of his wife but entrusted her with possession of the contraband. (Although the testimony did not expressly establish the wife was in possession of the infant's diaper bag, we must assume it was in her possession because defendant was waiting to be called as a witness in a criminal trial and, undoubtedly, did not take a diaper bag with him to the witness stand.)

Defendant could not have more directly communicated to his wife the fact that he committed the crime than by committing it in her presence. I conclude that the wife's knowledge of the defendant's illegal act arose from the confidential relationship between spouses and therefore was privileged and should have been excluded. Cf. *Jones v. Dept. of Human Resources*, 168 Ga. App. 915 (2) (310 SE2d 753) (1983) (where a minister and his wife were allowed to testify concerning a parishioner's conduct because there was no showing that the observations of said conduct arose from spiritual counseling or the profession of religious faith, as described in OCGA § 24-9-22, the statute which grants a privilege to such communications).

Even though evidence was presented that defendant made a formal confession of the crime and also made a voluntary admission to an officer while he was incarcerated, we could not hold that the admission of the privileged testimony was harmless error. Defendant testified it was his wife who took the contraband from the evidence cabinet and that he made the confession to protect his wife from a criminal charge after the interrogating officers made an offer to "turn [him] loose" if he would confess and then serve as an informant in a certain pending investigation. He denied making the statement attributed to him in jail. We cannot second guess whether the jury would convict him if the only evidence against him had been these confessions and defendant should have a new trial.

I am authorized to state that Chief Judge Sognier, Judge Carley

and Judge Cooper join in this dissent.

DECIDED MARCH 15, 1991 —

Thomas A. Brown, *pro se.*
Darrell E. Wilson, *District Attorney, H. Gray Skelton, Jr., Assistant District Attorney,* for appellee.