A92A1744. SMITH v. THE STATE.
(427 SE2d 48)

JOHNSON, Judge.

Bobby Gene Smith was convicted of two counts of aggravated child molestation. He appeals from his convictions and the denial of his motion for new trial.

1. Smith complains that the trial court erred by admitting hearsay statements of the child victim, his daughter, regarding sexual

abuse she sustained, contending that the statements were unreliable. We disagree.

OCGA § 24-3-16 provides: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that *the circumstances of the statement provide sufficient indicia of reliability.*" (Emphasis supplied.) Smith argues that the statements at issue failed to meet factors previously identified by this court which may be used by trial courts in determining the reliability of such statements.

In *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991), we enumerated factors which the trial court may consider in determining whether hearsay testimony offered under OCGA § 24-3-16 is sufficiently reliable. Those factors include, but are not limited to, the following: "(1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. [Cits.] These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." (Emphasis omitted.) Id. at 240-241.

The testimony Smith complains of was given by June Jarrett, the residential manager of a mobile home park in which the victim lived, and by Jo Beth Dyer, a caseworker with the Paulding County Department of Family & Children's Services. Jarrett testified that the victim said "my daddy is playing with my thing," pointing to her own genital region as she said it. Jarrett also testified that the victim told her that Smith had placed his mouth on her "thing" and that he made her do the same to him. Jarrett testified that she had not questioned the victim; the victim told her this information spontaneously and while crying. Later that day, the victim made substantially the same statements to Dyer. Dyer further testified that at the insistence of the victim's mother she interviewed the victim a second time, several days later. During this subsequent interview, the victim told Dyer that her

uncle was the perpetrator, instead of her father. Dyer further testified, however, that the victim told her that her mother had instructed her to change her story to implicate her uncle.

The admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. In the absence of an abuse of discretion, this court will not interfere with the trial court's ruling. See *Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38) (1988). After reviewing the record in this case, we are satisfied that the trial court did not err in finding that the statements at issue were sufficiently reliable. Therefore, the court did not abuse its discretion in allowing the jury to hear the challenged testimony.

2. Smith contends that the trial court erred in failing to conduct a competency hearing of the child victim. " ' "Where the trial judge examines a child as to [her] understanding of the nature of an oath, as was done in the instant case, and determines the child is competent to testify, the court's discretion, absent manifest abuse, will not be interfered with by this court." . . .' [Cit.]" *Benton v. State*, 184 Ga. App. 684, 685 (362 SE2d 421) (1987). There is no evidence in the record which would support Smith's contention that the child victim in this case was mentally retarded or "without use of reason" within the meaning of OCGA § 24-9-5. Smith did not challenge the competency of the victim at trial, nor did he request that a competency hearing be held. He has therefore waived any right to challenge the victim's competency. See generally *Miller v. State*, 201 Ga. App. 374, 375 (2) (411 SE2d 112) (1991).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 11, 1993.

*Robert N. Susko, P. C., Charles E. Lake, Jr.*, for appellant.
*William A. Foster III, District Attorney*, for appellee.