## A93A1833. WHITE v. THE STATE.
### (440 SE2d 68)

BLACKBURN, Judge.

Appellant Willard Frank White was convicted of rape, aggravated sodomy, and two counts of child molestation, all involving his granddaughter who was two-and-one-half years old at the time of the incidents. White appeals his conviction alleging several errors committed by the trial court.

1. In his first enumeration of error, White contends that the trial court erred in admitting the victim's hearsay statements in the absence of a hearing to ascertain whether sufficient indicia of reliability for admission pursuant to OCGA § 24-3-16 existed. We have previously determined that a hearing to determine indicia of reliability need not be held prior to receiving the testimony; it is enough if the record contains sufficient evidence to support such a finding. *Gregg v. State,* 201 Ga. App. 238 (3) (411 SE2d 65) (1991). The factors considered when determining whether sufficient indicia of reliability are present include, but are not limited to the following: "(1) the atmosphere and circumstances under which the statement *was made* (in-

cluding the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child." Id. at 240. See also *Tucker v. State*, 208 Ga. App. 441 (430 SE2d 811) (1993); *Smith v. State*, 207 Ga. App. 55 (427 SE2d 48) (1993); *Peters v. State*, 206 Ga. App. 143 (424 SE2d 372) (1992).

Our review of the record, including the transcript of the interview of the victim by the social service specialist, indicates that the victim's statements, introduced through hearsay at trial, were made originally by the victim in a spontaneous manner without apparent coaching. Although there was evidence presented that the victim had originally named other possible perpetrators, her later statements consistently named the defendant. We find that a sufficient showing of indicia of reliability, as required by OCGA § 24-3-16, was established as to all out-of-court statements made by the victim and testified to by witnesses at trial.

2. In White's second enumeration of error, he first contends that the testimony of his wife violated "the right of a criminal defendant's spouse not to testify against him," as authorized by OCGA § 24-9-23. Prior to the start of the trial, the trial court informed Christine Yates White, the defendant's wife, of her right not to testify, and originally, she declined to testify. The trial court indicated that if she did testify, the State would be allowed a thorough cross-examination. However, during White's case, she was called as a defense witness and she voluntarily testified. The State then was allowed a thorough cross-examination. "When the witness voluntarily takes the stand and testifies, it is presumed that this act is done pursuant to a waiver of [the witness'] privilege. [Cit.]" *Mapp v. State*, 191 Ga. App. 622 (2) (382 SE2d 618) (1989).

3. White next argues that his wife's testimony violated *his* right of marital communications privilege pursuant to OCGA § 24-9-21 (1). Subject to certain limited exceptions, the general rule in Georgia is that a privilege inures to the communicator for all communications made to a spouse for all consensual marital acts of a personal nature involving married persons, where the communication or act results from a reliance upon the confidential relationship of husband and wife. *McCord v. McCord*, 140 Ga. 170 (78 SE 833) (1913); *Ga. Intl.*

*Life Ins. Co. v. Boney*, 139 Ga. App. 575 (228 SE2d 731) (1976). During the trial, White asserted *his* privilege to prohibit his wife from admitting that they had engaged in consensual anal intercourse together on a regular basis.

Historically, the privilege evolved to promote marital harmony where facts were disclosed within the privacy of the marital relationship. *Stanford v. Murphy*, 63 Ga. 410, 416 (1879) (any knowledge acquired by the wife based on the trust confided in her by her husband should be excluded); *Jackson v. Jackson*, 40 Ga. 150 (1869) (a wife is not allowed to testify as to any fact which came to her knowledge by reason of the confidential relation of husband and wife).

This court recognized that an act is a privileged communication where "the act is as much a communication as would be [the] words . . . describing the act." *Ga. Intl. Life Ins. Co. v. Boney*, supra. In *Boney*, we held that "[a]ny conversation or act performed by [the husband] which is attributable to the husband-wife relation, i.e., that which might not be spoken or done openly in public as tending to expose personal feelings and relationships or tending to bring embarrassment or discomfiture to the participants if done outside the privacy of the marital relation, is privileged." Id. at 579. We then enumerated several exceptions including: (1) conversations through or with third parties; (2) instances where the communication is actionable by one spouse against the other; and (3) impersonal communications or actions performed without regard for the special confidence between spouses in the marital relation. Id.

In *Brown v. State*, 199 Ga. App. 188 (404 SE2d 469) (1991), we held that the defendant's act of stealing cocaine in his wife's view was not a confidential communication within the privilege. We determined that Brown's act could have been committed in disregard or indifference to her presence. Id. at 189. Obviously, White's wife's knowledge of the fact that White engaged in anal intercourse was acquired by virtue of her voluntary participation therein, resulting from a reliance by the participants upon the confidential marital relationship. Cf. *Chancey v. State*, 256 Ga. 415, 436-437 (349 SE2d 717) (1986); *Ga. Intl. Life Ins. Co. v. Boney*, supra. In the case before us, White's acts necessarily depended upon his wife's presence and participation in the disclosed acts. Therefore, our opinion in *Brown* is inapplicable to the facts of the present case. Additionally, the *Brown* opinion presents a physical precedent only. See Court of Appeals Rule 35 (b).

White was entitled to have the testimony of his wife herein involved excluded based upon *his* marital privilege as provided by OCGA § 24-9-21, as proper objection was made at trial. Although under certain circumstances, the marital privilege may be waived by the communicator, the act of calling his wife as a defense witness did

not, in and of itself, waive his privilege regarding protected confidential communications as the direct examination did not in any way touch on the privileged matters or open the door thereto. The wife's testimony as to non-privileged matters did not constitute a waiver of his privilege. The trial court committed harmful error in allowing the subject testimony into evidence. The fact that the testimony on cross-examination was offered as similar transaction evidence does not divest White of his marital privilege.[1] See *Gorman v. State*, 183 Ga. 307 (1936); *Keaton v. McGwier*, 24 Ga. 217 (1858) (where the husband has been examined, the testimony of the wife is not admissible to discredit him by proving marital facts, a knowledge of which she acquired by reason of the relationship).

Although the evidence properly admitted in the case was sufficient to support the verdict, the unnecessary injection of the harmful "marital privilege" testimony requires reversal of this case.

4. In his last enumeration of error, White argues that the trial court erred in failing to grant a mistrial after his character was impermissibly placed in evidence. White's counsel moved for a mistrial after a State's witness mentioned that White had been in jail at a point in time prior to the present charges. The trial court denied the motion and instructed the jury to absolutely disregard the remarks and admonished the District Attorney. The trial court further stated: "I'm instructing you not to get into that again, and if you cannot disregard the remarks about being in jail, that has nothing to do with this case, that man sits over there with a clean record, and if you can't move it out of your mind, tell me right now. All right, everybody seems to be able to." Thereafter, White's counsel did not renew his motion or object to the curative instructions. Therefore, his right to appellate review was waived. *Leary v. State*, 206 Ga. App. 191 (424 SE2d 903) (1992).

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 11, 1994 —
RECONSIDERATION DENIED JANUARY 24, 1994 —

*Robert D. Pope*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.

---

[1] While White does not enumerate as error the appropriateness of the evidence as a "similar transaction," it would not appear that consensual sexual acts between married persons would constitute similar transactions to sexual child molestation, the only thing similar being the anatomical parts involved.