## A01A0270. TRUEBLOOD v. THE STATE.
### (545 SE2d 628)

ELDRIDGE, Judge.

A DeKalb County jury found Donald Trueblood guilty of two counts of armed robbery, one count of kidnapping with bodily injury, and one count of kidnapping. The convictions arose from Trueblood's participation in an incident at the Happy Mart convenience store in Tucker, DeKalb County, wherein at 10:45 p.m., Trueblood and two other perpetrators approached Musa Jama who was locking the front door of the Happy Mart; hit him in the head with a gun; pointed the gun at him; demanded money; took his wallet; forced him inside the Happy Mart; forced the owner of the Happy Mart back inside the store at gunpoint; forced the owner to open the store safe and turn over the $4,000 inside; and then fled the scene. Trueblood appeals. Upon review, we affirm.

1. Trueblood contends the State failed to prove identity, i.e., that Trueblood was one of the three men involved in the armed robbery/ kidnapping at the Happy Mart. However, the owner of the Happy Mart was familiar with Trueblood because he came into the Happy Mart fairly frequently. The owner positively identified Trueblood as one of the participants in the armed robbery/kidnapping. Both Jama and the Happy Mart owner testified that all three men at the Happy Mart were active participants in the armed robbery/kidnapping. Further, Trueblood gave a statement to the police admitting he was one of three men at the Happy Mart during the armed robbery, although he claimed that he was merely present during the incident.

Given the jury's sole responsibility to resolve conflicts in the evidence and determine the credibility of the witnesses,[1] we find this evidence sufficient for a rational trier of fact to find beyond a reasonable doubt that Trueblood was a party to the crimes for which he was indicted and convicted.[2]

2. We find meritless Trueblood's contention that Jama was incompetent to testify under OCGA § 24-9-5 (a),[3] which claim he

---

[1] *Drake v. State*, 238 Ga. App. 584, 586 (1) (519 SE2d 692) (1999).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-2-20 (a).

[3] "[P]ersons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses." OCGA § 24-9-5 (a).

improperly raises as a part of his challenge to the sufficiency of the evidence. Trueblood fails to direct our attention to any such objection at trial, and we find none. Thus, this issue is waived.[4] Moreover, there is absolutely nothing in the record which demonstrates that Jama could not understand the nature of his trial oath simply because he is originally from Somalia and speaks in halting English. In his brief, Trueblood attempts to cull the record in order to cite those relatively few places wherein Jama could not understand the questions posed; however, such attempts misrepresent the breadth of Jama's testimony and are unpersuasive.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 15, 2001.

*Paola F. Torselli*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

