A91A1086. GREGG v. THE STATE.
(411 SE2d 65)

BIRDSONG, Presiding Judge.

Thomas Mark Gregg appeals his judgment of conviction of two counts of child molestation and his sentence.

Appellant has filed four enumerations of error relating to the alleged erroneous admissions of prior out-of-court statements of the child victim under the provisions of OCGA § 24-3-16. *Held*:

1. Appellant's assertion that error occurred because the State in-

troduced "extensive inadmissible prior consistent statements to bolster the inconsistent and recanting testimony of the alleged victim" is without merit. First, for reasons discussed in Division 3 below, the statements were admissible. Secondly, "where [as here] the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement[s] of the witness [are] admissible." *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869); accord *Richardson v. State*, 256 Ga. 746, 747 (5) (353 SE2d 342); *Treadaway v. State*, 191 Ga. App. 111 (2) (381 SE2d 43).

2. The trial court can modify a ruling on a motion in limine at trial. Agnor, Ga. Evidence (2d ed.), Motion in Limine § 8-1.1, citing *Frink v. State*, 177 Ga. App. 604 (1) (340 SE2d 631).

3. Appellant asserts the trial court erred in denying the motion in limine to exclude testimony of hearsay witnesses offered under OCGA § 24-3-16, because no evidence of "indicia of reliability" was tendered at the hearing on the motion. During a hearing as to the victim's competency, the trial court indicated it would attempt to make a "specific finding" as to the issue of "indicia of reliability." At the conclusion of the hearing, the trial court found "sufficient indicia of reliability."

(a) Pretermitting whether this finding was supported at the conclusion of the so-called competency hearing by evidence of record is the question of whether the trial court, in ultimately admitting victim statements at trial, under OCGA § 24-3-16, is limited solely to evidence of "indicia of reliability" offered at the pretrial hearing, or whether it also may consider evidence subsequently introduced at trial and bearing on the "indicia of reliability" at the time the statement was made.

We find that if, after both sides have rested at trial, competent evidence of record exists which will support a finding of "indicia of reliability," then error, if any, resulting from a previous denial of the motion in limine is rendered harmless. In this regard, examination of OCGA § 24-3-16 reveals that while the court must find that "the circumstances of the statement provide sufficient indicia of reliability," such finding is not a *condition precedent* to the admissibility of the statement; rather, this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding. In fact, our courts have consistently held "OCGA § 24-3-16 does not require a hearing to determine 'indicia of reliability' be held prior to receiving the testimony," *Reynolds v. State*, 257 Ga. 725, 726 (2) (363 SE2d 249) (where appellant had contended "the trial court erred by allowing the [witnesses] to testify to statements made by [child] without *first* making a determination that the statements possessed 'sufficient indicia of reliability.' "). Likewise, we held, when a finding of child competency was required by the laws of this state,

"[t]here is no requirement that the trial court must determine competency of a child witness during an investigative interview before the substance of that interview can be admitted into evidence." *Newberry v. State*, 184 Ga. App. 356, 358 (4) (361 SE2d 499). The trial court has broad discretion in the admission of evidence (see *Gully v. Glover*, 190 Ga. App. 238 (4) (378 SE2d 411)), and may duly admit evidence subject to an adequate foundation for admissibility being subsequently established by the proponent. "The object of all legal investigation is the discovery of truth," (OCGA § 24-1-2) and as long as sufficient evidence of indicia of reliability appears in the record either before or after the introduction of the child's out-of-court statements, the fair trial rights of the defendant are adequately protected. Thus, if the record contains sufficient evidence of "indicia of reliability," we would not reverse the correct ruling of the trial court regardless of the reason given for or the timing of its ruling. See *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557). And in this regard, an appellate court can consider evidence offered not only at a pretrial hearing, but that offered by either the State or the defendant during the course of the trial. Cf. *Gadson v. State*, 197 Ga. App. 315, 316 (1) (398 SE2d 409) (voluntariness of confession may look at evidence contained in entire record); *Whatley v. State*, 196 Ga. App. 73, 75 (1) (395 SE2d 582) (may consider evidence in pretrial, trial and posttrial proceedings in determining propriety of disclosing informant's identity); *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784) (may consider evidence in suppression hearing and at trial in determining legality of search).

(b) Indicia of reliability must spring from the circumstances of the statement. *Godfrey v. State*, 258 Ga. 28, 29 (365 SE2d 93); see *Knopp v. State*, 190 Ga. App. 266 (2) (378 SE2d 703). The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. Compare *Hunter v. State*, 194 Ga. App. 711, 712 (391 SE2d 695); *Ortiz v. State*, 188 Ga. App. 532, 535 (3) (374 SE2d 92); and *Newberry v. State*, supra; see also *State v. Sorenson*, 421 NW2d 77 (S.C. Wisc.).

These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness. Nor does the fact that the statement is made days, weeks, or even "several months after the alleged incident," in and of itself make the statement unreliable. *Newberry*, supra at 358 (2).

Examination of the transcript of the hearing and trial establishes a sufficient showing of indicia of reliability, within the meaning of OCGA § 24-3-16, as to all out-of-court statements made by the victim, which were testified to by witnesses in the presence of the jury.

(c) The record also shows the child was present at trial, testified as a court witness, and was subject to examination and cross-examination by appellant and the State. Thus, appellant had every conceivable opportunity to examine and cross-examine the child in the presence of the jury, regarding the child's memory of and the circumstances surrounding his making of each of the out-of-court statements in question, and had the opportunity to allow the jury to judge the child's demeanor in response to any examination or cross-examination about the alleged making and veracity of these previous statements. This procedure provided an additional safeguard to appellant's right of fair trial, and provided appellant full opportunity for confrontation.

The enumerations of error and assertions of appellant in support thereof are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 5, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991 —

*Rubin Law Offices, Floyd E. Doolittle, Robert P. Hoyt*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.