## A93A0239. TUCKER v. THE STATE.
### (430 SE2d 811)

BEASLEY, Presiding Judge.

Tucker was indicted and convicted on four counts of child molestation (OCGA § 16-6-4 (a)), involving his cousins ages five and eight. It was alleged that he fondled the vaginal area of each child (two counts) and masturbated in their presence (two counts). His motion for new trial was denied.

In his sole enumeration of error, appellant contends that the trial court erred in admitting child hearsay statements into evidence pursuant to OCGA § 24-3-16, for the reason that the statements lacked sufficient indicia of reliability when made.

OCGA § 24-3-16 provides: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

The statements in issue were made by the two girls to their mother and to a DFACS caseworker trained in child molestation investigation, relating the incidents which were to form the basis of the indictment. The availability requirement was satisfied: both children testified at trial as witnesses of the court. A pre-trial hearing was conducted to determine whether the statements were sufficiently reliable to be admissible under the second prong of OCGA § 24-3-16.

The mother testified that she learned from another family member of an incident involving appellant and the five-year-old. She questioned the child about it while the two were alone, neither threatening nor promising her anything and reassuring her that she was not in any trouble. The mother testified that the child had been truthful in the past and that she believed her on this occasion. In their discussion, which lasted 15 to 20 minutes, the child "was pretty much open" and did not require prompting. The mother then telephoned her eight-year-old daughter, who resided at that time with her father and stepmother. Without relating what the younger child had told her or

suggesting any details, the mother questioned her about "what was going on" regarding appellant. The child volunteered the information without hesitation. She said that the events took place on the back porch of the mother's home during a time when both girls were living there with her. Both children were consistent in disclosing that appellant had improperly touched them and masturbated in their presence, and in identifying the location of these events. The mother stated that she had not coached her daughters but had told them to be truthful.

The DFACS caseworker testified that she interviewed the children individually on three separate occasions and received consistent responses. They both appeared truthful, uncoached, and generally relaxed. No promises or threats were made to the children. On cross-examination, she testified that the children related more than one incident occurring at different locations; however, the State acknowledged that the separate counts of the indictment were alleged to have occurred at different locations.

The trial court determined that the out-of-court statements made to the mother and the caseworker were supported by sufficient indicia of reliability to be heard in evidence under OCGA § 24-3-16.

"Indicia of reliability must spring from the circumstances of the statement. [Cits.] The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. [Cits.]" (Emphasis omitted.) *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991). The foregoing standard was approved by the Supreme Court in *Weathersby v. State*, 262 Ga. 126 (4) (b) (414 SE2d 200) (1992).

Appellant challenges the reliability of the children's statements on the basis that they required prompting, lacked consistency and were made in the presence of law enforcement officers. The factors set out in *Gregg*, supra, "are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." Id. at 241. As in *Gregg*, "the child[ren were] present

at trial, testified as . . . court witness[es], and [were] subject to examination and cross-examination by appellant and the State. Thus, appellant had every conceivable opportunity to examine and cross-examine the child[ren] in the presence of the jury, regarding the child[ren's] memory of and the circumstances surrounding [their] making of each of the out-of-court statements in question, and had the opportunity to allow the jury to judge the child[ren's] demeanor in response to any examination or cross-examination about the alleged making and veracity of these previous statements. This procedure provided an additional safeguard to appellant's right of fair trial, and provided appellant full opportunity for confrontation." Id. at 241. Compare *Idaho v. Wright*, 497 U. S. 805 (110 SC 3139, 111 LE2d 638) (1990) and *Ohio v. Roberts*, 448 U. S. 56 (100 SC 2531, 65 LE2d 597) (1980), where hearsay declarants were unavailable to testify, thus implicating the Confrontation Clause of the Sixth Amendment to the United States Constitution.

Viewing the totality of the circumstances surrounding the declarations of the children, there was a sufficient basis to conclude they were worthy of belief and that the requisite degree of reliability was established for their admissibility under OCGA § 24-3-16. Compare *Rolader v. State*, 202 Ga. App. 134 (413 SE2d 752) (1991) where the child did not testify at trial and prior videotaped statements which lacked spontaneity and consistent repetition were ruled inadmissible under a Confrontation Clause objection.

*Judgments affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993.

*Robert N. Susko, P. C., Charles E. Lake, Jr.*, for appellant.
*George C. Turner, Jr., District Attorney*, for appellee.