## A94A1287. RAMSEY v. THE STATE.
### (448 SE2d 790)

RUFFIN, Judge.

Gary Ramsey was convicted by a jury of child molestation (OCGA § 16-6-4) and sentenced to 20 years' imprisonment. This appeal follows the trial court's denial of the appellant's motion for new trial.

The appellant was charged with fondling the breasts and vagina of his stepdaughter, a child under the age of 14. The State filed a timely motion to introduce evidence of similar acts of child molestation by the appellant as well as a prior conviction for sodomy in which the victim was a child under the age of 14. The State also listed the victims expected to testify as to the prior similar acts but stated that specific locations and dates of the acts were unknown.

At a hearing before trial, the prosecutor stated that one of the appellant's brothers, a cousin, two nieces and two nephews had indicated that during their childhoods the appellant had fondled them and, in some cases, engaged them in sexual intercourse and/or sodomy. The substance of the testimony from four of the prior victims was first made known to the state during a brief recess in the hearing and immediately made known to the appellant. The trial court found the prior acts were sufficiently similar to the charged offense to be probative of the appellant's bent of mind, and allowed the State to introduce evidence of prior acts of molestation committed by the appellant when he was over the age of 14.

At trial, the appellant's first cousin, Diane Foster, testified that the victim of the offense on trial told her that "her daddy [the appellant] had touched her private parts in the trailer that they'd lived in [sic] town. They were on the couch." The witness also testified that the appellant had sexual intercourse with her numerous times when she was between the ages of 12 and 14. One of the appellant's brothers and four nieces and nephews testified to the appellant's acts of fondling, sodomy and attempted intercourse committed against them as children aged three to fourteen. Russell Ramsey, another brother

of the appellant, testified that he had seen the appellant go into the bathroom to give the victim a bath at their parents' house, and on another occasion he heard the appellant make lewd comments in her presence about the victim's developing breasts and pubic hair.

The victim testified that the appellant had never touched her improperly and that the allegations were "a bunch of lies." However, the sexual abuse investigator for the Department of Family & Children Services testified, based on her experience and training, that the victim's behavior and recantation of her allegations are consistent with the child abuse accommodation syndrome.

1. The appellant enumerates as error the general grounds and the denial of his motions for a directed verdict of acquittal and for new trial. He argues that a directed verdict was demanded because the State presented no direct evidence of the charged offense and the hearsay evidence of Diane Foster bore insufficient indicia of reliability for admission under OCGA § 24-3-16. We reject the appellant's assertion that a directed verdict of acquittal was warranted.

"A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or 'not guilty.' " (Citations and punctuation omitted.) *Clark v. State,* 207 Ga. App. 50, 51 (1) (427 SE2d 43) (1993). The State presented the victim's out-of-court statement to Diane Foster as substantive evidence of the offense charged pursuant to OCGA § 24-3-16. Examination of the record shows that the appellant raised no objection at trial to the admission of the statement on the grounds that the indicia of reliability were insufficient. Thus we will not address that argument made for the first time on appeal. *Hurst v. State,* 198 Ga. App. 380 (401 SE2d 348) (1991). See generally *Brinson v. State,* 191 Ga. App. 151, 152 (3) (381 SE2d 292) (1989).

Although the evidence was conflicting and depended largely on an assessment of the victim's credibility and other testimony regarding the child sexual abuse accommodation syndrome, the credibility of witnesses and the resolution of evidentiary conflicts are for the jury. "On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citations and punctuation omitted.) *Self v. State,* 208 Ga. App. 447, 448 (3) (431 SE2d 126) (1993). Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying the motion for new trial on these grounds.

2. The appellant also enumerates as error the trial court's denial of his motion for new trial on grounds that the State's notice of its

intent to present evidence of similar transactions was too vague to allow him adequately to prepare a defense. He asserts prejudice in that there was insufficient time to investigate so as to impeach the similar acts witnesses with evidence that he was incarcerated during periods when the prior acts supposedly occurred. He also argues the State was allowed to "stack the deck" in such a way that it is likely the jury reached a guilty verdict on the basis of the similar prior offenses rather than the offense charged.

"Generally, on a prosecution for a particular crime, evidence of independent offenses committed by an accused is irrelevant and inadmissible. Before any evidence of an independent offense may be introduced, the state must show 1) that the evidence is relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; 2) that there is sufficient evidence to establish that the accused committed the independent offense or act; and 3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 220 (435 SE2d 737) (1993). See also *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991).

The evidence showed that the appellant sexually abused his younger brother and other relatives under the age of 14 while they were living with the appellant or visiting members of the family. Moreover, as this court has repeatedly held, "[i]n a child molestation case, the sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." (Citations and punctuation omitted.) *Self v. State*, supra at 448.

Uniform Superior Court Rule 31.3 (B) governs notice of the State's intent to introduce similar transactions evidence and provides in part: "The notice shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." "[T]he apparent purpose of the rule is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial." *Sweatman v. State*, 181 Ga. App. 474 (352 SE2d 796) (1987).

The State's motion was timely served on the appellant and provided as much detail as the State possessed concerning the substance of the witnesses' testimony. Further detail was provided to the appellant as soon as it was known to the prosecutor. The appellant had the opportunity at trial to cross-examine the similar acts witnesses con-

cerning their claims and to present evidence of the dates of his incarceration. We find that the State's notice was in substantial compliance with USCR 31.3. Since the acts were sufficiently similar, the trial court did not abuse its discretion by admitting them. Compare *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991). There was no error in the trial court's denial of the motion for new trial on this ground.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 4, 1994.

*Mary E. Moore*, for appellant.
*David C. Turk III, District Attorney, Don Ferguson, Assistant District Attorney*, for appellee.