A95A2069. LAGANA v. THE STATE.
(464 SE2d 625)

SMITH, Judge.

Frank Lewis Lagana III was charged with aggravated child molestation and statutory rape. A jury acquitted him on the child molestation charge and found him guilty of statutory rape. Lagana appeals following the denial of his motion for new trial.

Lagana, a heavy equipment operator, was employed by Jeff Hess to work on a construction project on Hess's aunt's farm. Hess had contracted with his relatives to clear a portion of the farmland so that chicken houses could be built. The victim, the 11-year-old granddaughter of the owners of the farm, claimed that she and Lagana had sex one night in a truck at the back of the property. Shortly after the date alleged by the victim, Lagana left Georgia, claiming Hess had not paid him. After Lagana's departure, the victim told Hess's fiance that Lagana molested her. Hess's fiance told the victim's grandmother, who contacted the authorities, but the victim was not brought to the hospital to be examined until about ten days after the incident. Although the examining doctor testified that the victim was not a virgin, because of the time lapse, no physical evidence could be obtained showing whether intercourse took place on the date alleged.

1. Lagana contends the trial court erred in denying his motion for

mistrial made after the victim's credibility was impermissibly bolstered by the testimony of her grandmother. We agree and reverse.

On direct examination, the grandmother was asked how she would characterize the child's truthfulness. Defense counsel objected before the witness could respond. The prosecutor indicated he would rephrase the question, and a defense motion for mistrial was denied. When the prosecutor continued his questioning, he asked the witness whether she had "ever had any problems with [the victim's] telling stories." This time, the witness answered the question, indicating that she had not had any such problem. The defense again moved for mistrial, on the ground that the prosecutor had "gone in the back door, the same thing, about getting into her truthfulness . . . [which] would vouch for her credibility. That's a jury issue." The trial court again denied the motion.

The credibility of a witness, including a victim witness, is a matter for the jury's determination under proper instruction from the court. OCGA § 24-9-80. It is well established that "[i]n no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." (Citation and punctuation omitted.) *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994). The grandmother's testimony in this case did just that, and the admission of this testimony is contrary to this Court's rulings in *Guest v. State*, 201 Ga. App. 506, 507-508 (1) (411 SE2d 364) (1991) and *State v. Oliver*, 188 Ga. App. 47, 50-51 (2) (372 SE2d 256) (1988). Any question regarding the victim's competency to testify must be developed from an examination of the child herself. Id.

The State relies upon *Stamey v. State*, 194 Ga. App. 305, 306 (1) (a) (390 SE2d 409) (1990), in arguing that this testimony did not warrant a mistrial. In *Stamey*, defense counsel failed to object to a social worker's testimony that she believed the eight-year-old victim was telling the truth, and this failure was relied upon on appeal in support of a contention that trial counsel was ineffective. This Court acknowledged the error in allowing the testimony. We held, however, that the erroneously admitted opinion "was not a significant addition to [the witness's] main testimony, so as to displace the jury's minds on the issue and usurp their authority." Id. Our holding rested upon the fact that the social worker had also recited "to exhaustion" the criteria for determining the truthfulness of pre-adolescents. Given this "other" testimony, the jury was able to determine for itself the truthfulness and credibility of the victim and could accept or reject the social worker's opinion on this matter.

No such "other" testimony exists in this case. See *Guest*, supra, 201 Ga. App. at 508 (1). The admission of this testimony was error. The evidence against Lagana depended heavily upon the credibility of

the victim and was not overwhelming. The grandmother and others testified that the victim had been molested previously, and no physical evidence was obtained corroborating the victim's claim regarding Lagana. Under these circumstances, we cannot hold this error harmless. A new trial must be held.

2. On cross-examination, the prosecutor asked Lagana the age of a girl he "brought back" from Florida to South Carolina. Since the trial court correctly ruled the question was improper, it is unlikely to recur at retrial. Our holding in Division 1 renders it unnecessary that we address the propriety of the denial of Lagana's motion for mistrial on this issue.

3. No hearing is required to determine the presence of sufficient indicia of reliability before admitting hearsay evidence under the Child Hearsay Statute, OCGA § 24-3-16. *Gregg v. State*, 201 Ga. App. 238, 239 (3) (a) (411 SE2d 65) (1991). We may consider all evidence introduced in pretrial, trial, and post-trial proceedings in determining whether such statements were properly admitted. Id. at 240 (3) (a). The record in this case does not indicate, however, that the court made its determination that the hearsay evidence presented at trial exhibited sufficient indicia of reliability upon proper consideration of the factors enumerated in *Gregg*. Id. at 240 (3) (b). Upon retrial, the court is directed to base its determination upon those factors.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 29, 1995.

*Waddell, Emerson & Buice, John H. Bradley*, for appellant.
*Frederic D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.