## A97A1430. WALLACE v. THE STATE.
### (492 SE2d 595)

JOHNSON, Judge.

A jury found Ronald Wallace guilty of child molestation and statutory rape. Wallace appeals from the judgment of conviction and the denial of his motion for new trial. We affirm.

1. Wallace claims the evidence was insufficient to support his convictions for statutory rape and child molestation. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Ogles v. State*, 218 Ga. App. 92, 93 (2) (460 SE2d 866) (1995). Viewed in this light, the evidence shows the victim's mother regularly worked as a nursing assistant from 11:00 p.m. to 7:30 a.m. She left her four children home during her shift, under the supervision of her oldest daughter, who was seventeen years old during the events in question. The victim was 12 years old at the time.

The victim's mother testified she returned home from work on December 2, 1994 and found cigarette butts in a cup in her kitchen. The victim's mother confronted her children about the cigarette butts because neither she nor any of the children smoked, but none of her children responded. Later that day, the victim's mother eavesdropped on a telephone conversation during which the victim told a man they almost "got caught" because he left his cigarette butts in the kitchen. The victim's mother confronted her children again, and the victim then admitted she and "Ronald" had been "doing it" in the back bedroom of the apartment. The victim's mother called the police immediately.

At trial, the victim's mother testified that when the police arrived and questioned the victim in her presence, the victim told them the older man was the victim's boyfriend and that they had been sleeping together since August or September 1994. A detective

testified that later that day the victim gave a signed statement indicating she had had sexual intercourse with Ronald once in October 1994, once in November 1994, and once on December 1, 1994, the night before her statement. While the victim was unsure of the man's last name, she did state that the man was blind. It is undisputed that Wallace is, indeed, blind.

The victim's older sister testified the victim told her she had intercourse with Wallace on the night of December 1-2, 1994. The victim testified she and Wallace had sex on another date in December 1994. In addition, a DeKalb County assistant district attorney testified the victim told her she had sex with Wallace in December 1994 and on other occasions and that she had recanted during trial to protect Wallace.

By April 1995 Wallace was free on bond after being charged in the first case involving the victim, and the victim's mother had moved her family to Fulton County. On April 10, 1995, the victim's mother discovered the victim and Wallace in her home, engaged in the act of sexual intercourse. She called the police again, and Wallace was again arrested and his bond revoked. This April 1995 case was pending in Fulton County and was introduced as a similar transaction. Wallace does not allege error connected with the introduction of this evidence.

The above evidence was sufficient to enable a rational trier of fact to find Wallace guilty beyond a reasonable doubt of the offenses charged. See *Ogles*, supra; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wallace contends that under OCGA § 24-3-16 and *Gregg v. State*, 201 Ga. App. 238 (3) (411 SE2d 65) (1991), the trial court erred in admitting into evidence out-of-court statements allegedly made by the victim to her mother and law enforcement officers.

OCGA § 24-3-16 provides: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." *Gregg* set out ten factors which a court may consider in determining whether indicia of reliability are sufficient. Id. at 240-241 (3) (b). An appellate court may consider evidence subsequently introduced at trial, not just evidence before the trial court at the time it admitted the out-of-court statements. See *Gregg*, supra at 239-240 (3) (a). With these principles in mind, we proceed to examine the indicia of reliability which "spring from the circumstances" of the challenged out-of-court statements.

The trial court found the following indicia of reliability regarding the victim's statement to her mother that she and Wallace were "doing it": The language of the statement was appropriate for the victim's age; there was no coaching by the mother; the statement was against the victim's interest; there was no evidence of force or threats by the mother; and the statement was consistent with the cigarette butts found by the mother and the victim's telephone call, which the mother had overheard. Regarding out-of-court statements made to others, the trial court indicated that it would make a reliability finding after the testimony was given.[1]

In support of his argument that these indicia of reliability were insufficient, Wallace points to other factors tending to undermine confidence in the victim's statement: The statement was not spontaneous, but in response to stern questioning by the mother about the cigarettes; the victim may have been high on marijuana when she made the statements; the victim laughed and acted nonchalant and silly when she made the statements; and the trial court allowed the defense to introduce evidence that the victim had previously accused other men of molesting her because it found a reasonable probability the previous accusations had been false.

Examination of the transcript establishes a sufficient showing of indicia of reliability as to all out-of-court statements made by the victim and testified to by witnesses in the presence of the jury. While the victim may have lied on previous occasions and the trial court ruled the jury could learn of this fact, Wallace has not offered any evidence that the victim's accounts of events in question as told to her mother, her sister, police officers, and the district attorney were not consistent. "Moreover, the factors set forth in *Gregg* . . . are not intended to be mechanically applied as some sort of magic formula; the trial court has broad discretion in determining the admissibility of evidence." *Tidwell v. State*, 219 Ga. App. 233, 234 (1) (b) (464 SE2d 834) (1995).

In addition, the record shows the victim testified at trial and was subject to examination and cross-examination. "Thus, [Wallace] had every conceivable opportunity to examine and cross-examine the child in the presence of the jury, regarding the child's memory of and the circumstances surrounding [her] making of each of the out-of-court statements in question, and had the opportunity to allow the jury to judge the child's demeanor in response to any examination or cross-examination about the alleged making and veracity of these previous statements. This procedure provided an additional safeguard to [Wallace's] right of fair trial, and provided [Wallace] full

---

[1] This is a proper procedure under *Gregg* and is not argued as error by Wallace.

opportunity for confrontation." *Gregg*, supra at 241 (3) (c). We find no abuse of discretion in the admission of this evidence.

3. Wallace contends it was error for the trial court to admit evidence of his 1987 conviction for aggravated assault as a similar transaction. The trial court found this conviction admissible to show course of conduct, bent of mind, and lustful disposition. During Wallace's trial, the 1987 victim testified that in the prior incident, which occurred when she was 14 or 15, Wallace attempted to rape her at knifepoint but she succeeded in escaping.

Evidence of a separate offense is admissible only if: (a) the state offers it for a proper purpose, not merely to impugn the defendant's character; (b) the defendant was the perpetrator of the other crime; and (c) the independent act was sufficiently similar to the act for which the defendant is on trial that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). " 'The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. [Cit.]' 'In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. . . . There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.' [Cit.]" *Stine v. State*, 199 Ga. App. 898, 899 (2) (406 SE2d 292) (1991).

Wallace does not challenge the purposes for which the state offered evidence of the 1987 aggravated assault and does not contend he did not commit the 1987 crime. Rather, he claims the 1987 crime was not sufficiently similar to the offenses charged in the present case and that any possible relevance was outweighed by its prejudicial effect. Wallace asserts this incident was not sufficiently similar because it occurred eight years earlier, involved a stranger who had attained the age of consent,[2] and involved a weapon.

We are satisfied that there exists a sufficient similarity or connection between the prior independent crime and the offenses charged. "The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible." (Citation and punctuation omitted.) Id. Moreover, Wallace's argument regarding the lapse of time between the two incidents is not wholly determinative. *Nichols v. State*, 221 Ga. App. 600, 601-602 (3) (473 SE2d 491) (1996); *Hall v. State*, 204 Ga. App. 469, 471 (1) (419

---

[2] Before July 1, 1995, OCGA § 16-6-3 defined statutory rape as sexual intercourse with a female under the age of 14. After July 1, 1995, the age was raised to 16. Ga. L. 1995, p. 957, § 3.

SE2d 503) (1992). Though there are some dissimilarities, both incidents involved Wallace attempting to have intercourse with young adolescent females, either with or without their consent. Accordingly, the trial court did not err in admitting evidence of the previous offense. See *Brown v. State*, 173 Ga. App. 640, 641 (3) (327 SE2d 515) (1985).

4. Wallace also contends the trial court erred in denying his request for a new trial based on ineffective assistance of counsel because his attorney failed to properly investigate and call witnesses suggested by Wallace. After a hearing during which trial counsel testified, the court determined that trial counsel was effective. We agree.

"In order to prevail on a claim of ineffective assistance of counsel, [Wallace] must show (1) that defense counsel's performance was deficient, and (2) that the defense was prejudiced by the deficient performance, i.e., show a reasonable probability that but for the trial counsel's professional errors, the result of the proceeding would have been different. [Cit.] There is a strong presumption that defense counsel's conduct fell within the broad range of reasonable professional conduct. [Cit.]" *Etheridge v. State*, 210 Ga. App. 96, 97 (435 SE2d 292) (1993). In addition, the trial court's determination that Wallace was not denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Lindo v. State*, 218 Ga. App. 756, 758 (2) (463 SE2d 148) (1995).

With regard to trial counsel's alleged failure to interview the witnesses, Wallace's trial counsel testified that he has worked in the criminal law field for approximately 20 years and was currently in the DeKalb County Public Defender's Office. He became involved in Wallace's case in late 1995 and was assisted throughout the case by the public defender who represented Wallace in the April 1995 Fulton County case involving the same victim. Both attorneys spoke with Wallace on several occasions. In addition, the two attorneys had open-file discovery from both the DeKalb and Fulton County District Attorneys' offices. According to trial counsel's recollection and his file, he listed four of the six individuals named by Wallace on a list of defense witnesses which he filed. He attempted to contact some of the witnesses prior to trial and spoke with some of the witnesses during the course of the trial. In fact, Wallace's attorney noted that Wallace "actually had the benefit of two attorneys having investigated the two cases." We find no deficiency of performance in this regard.

Concerning trial counsel's failure to call certain individuals as witnesses, trial counsel testified that he did not call any of these witnesses at trial because he did not believe they would be helpful to the case and he did not want to lose closing argument. In addition, he specifically recalled that he determined Wallace's daughter would not

make a good witness. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result." (Citations and punctuation omitted.) *Etheridge,* supra at 98. In the present case, trial counsel articulated valid reasons for not calling the potential witnesses, and that strategy did not constitute ineffective assistance. Accordingly, the trial court did not err by denying Wallace's claim of ineffective assistance of counsel.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 2, 1997.

*Virginia W. Tinkler,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Sheila A. Connors, Assistant District Attorneys,* for appellee.