A98A0861. CARRADINE v. THE STATE.
(506 SE2d 688)

ELDRIDGE, Judge.

A Turner County jury found Arthur Wayne Carradine guilty of child molestation. Without challenging the sufficiency of the evidence

against him, Carradine alleges one error of law, i.e., that "[t]he trial court erred in overruling appellant's objection to the State's asking a question which called for a conclusion by a witness, a conclusion which went to the ultimate issue for the jury." We affirm Carradine's conviction.

"When testimony is tendered an objection must be made, affording the court opportunity to rule upon the admissibility of the testimony *upon the grounds then urged and in the context of the matter as it then appears,* and failure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged. All evidence is admitted as of course unless a valid ground of objection is interposed, *the burden being upon the objecting party to state at the time some specific reason why it should not be admitted.*" (Citations and punctuation omitted; emphasis supplied.) *Reid v. State,* 129 Ga. App. 660, 663 (200 SE2d 456) (1973); *Hunter v. State,* 202 Ga. App. 195, 197 (413 SE2d 526) (1991).

Here, the prosecutor asked a witness from the Department of Family & Children Services ("DFACS"), "Has she [the victim] ever lied to you before?" The DFACS worker replied, "No." Thereafter, the defense attorney stated, "Objection, Your Honor. It's already answered, but it obviously calls for a conclusion of the witness and we ask that it be stricken." The trial court overruled the objection as stated.

At trial, the defense attorney did not object because the witness' answer invaded the province of the jury regarding the credibility of the victim. Nor did the defense attorney object because the answer went to the "ultimate issue of fact." The trial judge was not called to rule upon any of the issues which now form the bases for the instant claim of error.[1]

"It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial." *Simms v. State,* 223 Ga. App. 330, 332 (1) (477 SE2d 628) (1996); see also *Norman v. State,* 197 Ga. App. 333 (398 SE2d 395) (1990).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

---

[1] Carradine's objection was insufficient even to preserve a claim of error as to the "conclusory" nature of the DFACS worker's testimony. "[A]s a lay witness, [the DFACS worker] could express [an] opinion so long as [s]he testified to sufficient facts to form the basis thereof." *Hestley v. State,* 216 Ga. App. 573, 576 (2) (455 SE2d 333) (1995); OCGA § 24-9-65; *O'Kelley v. State,* 175 Ga. App. 503, 507 (333 SE2d 838) (1985); see also *Johnson v. Knebel,* 267 Ga. 853, 856 (2) (485 SE2d 451) (1997). Accordingly, since conclusion testimony can be proper, objecting *only* because testimony "calls for a conclusion" presents nothing for review.

DECIDED SEPTEMBER 14, 1998.

*Noel G. Perry*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.