## A99A1442. ROBERSON v. THE STATE.
### (526 SE2d 428)

SMITH, Judge.
Lucious Roberson appeals his conviction for child molestation and denial of his motion for new trial. The State acknowledges that the prosecutor "was laying a foundation as to the credibility and veracity of the victim" and that such bolstering testimony is generally improper, but contends the testimony was permissible because it was introduced to show the reliability of a witness under OCGA § 24-3-16, the child hearsay statute. We have previously rejected the State's position in *Buice v. State*, 239 Ga. App. 52, 56 (2) (520 SE2d 258) (1999).[1] Here, the State attempted to elicit credibility evidence before the jury instead of in a separate hearing pursuant to OCGA § 24-3-16, and this occurred as a direct result of the State's opposition to a separate hearing. This conduct was improper, and in allowing it the trial court erred. But because the witness's response to the State's question was relatively innocuous and ambiguous, we find this error to be harmless in the context of the evidence presented at

[1] Certiorari has been granted in *Buice* by the Supreme Court of Georgia, but on other grounds.

trial, and we affirm.

1. The objectionable testimony occurred during the State's direct examination of the child's mother. In response to the prosecutor's questioning, the mother testified that she had taught the victim the difference between right and wrong and that she had taught her to tell the truth. Asked if she "ever had any problem with her lying to you," she responded, "You know, normal things that children lie about." At this point, Roberson's counsel approached the bench and objected that the State was using one witness to bolster the credibility of another. The State responded that it was nevertheless entitled to explore the child's credibility under OCGA § 24-3-16, and the trial court overruled the objection. The prosecutor then abandoned this line of questioning.

It is significant that Roberson requested a separate hearing to determine the "reliability" of the victim's testimony under OCGA § 24-3-16 but was opposed by the State. The State relied then and relies now on such decisions as *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991). *Gregg* and similar cases hold that a hearing is not *required* prior to receiving the victim's testimony, but the State uses them to argue that a separate hearing is *never* necessary. Cases decided by the appellate courts of this state make clear, however, that when evidentiary rules conflict with the provisions of the child hearsay statute, a separate hearing may be necessary to avoid the presentation of inadmissible matter to the jury. That is precisely what occurred here, as a direct result of the State's opposition to Roberson's timely request for a hearing.

A fundamental principle of Georgia evidentiary law, established as long ago as 1860, provides: "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80, derived from *Strozier v. Carroll*, 31 Ga. 557, 563-564 (1860). "In no circumstance may a witness'[s] credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." (Citations and punctuation omitted.) *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994). Testimony that another witness believes the victim — for example, testimony that the witness has not had a problem with the victim telling lies — impermissibly bolsters the credibility of the victim. *Lagana v. State*, 219 Ga. App. 220, 221 (464 SE2d 625) (1995). " '(I)t is not the function of witnesses to determine the veracity of other witnesses.' [Cit.]" *Golden v. State*, 233 Ga. App. 703 (505 SE2d 242) (1998).

The State concedes that it is generally improper to bolster the testimony of a witness. Yet, while acknowledging this well-established prohibition, the State claims that testimony about a child victim's truthfulness is nevertheless permissible under OCGA § 24-3-

16. This is plainly wrong. Otherwise, a prosecutor could present an endless succession of witnesses praising the witness's impeccable veracity and admirable credibility. OCGA § 24-3-16 imposes a dual burden on the trial court and the proponent of child hearsay testimony. The State must present evidence proving the child's reliability, and the court must assess that evidence. But this statute does not authorize the State to eviscerate the rule against improper bolstering.

In both *Tucker v. State*, 208 Ga. App. 441 (430 SE2d 811) (1993), and *Gregg v. State*, supra, relied upon by the State, the trial court held a separate hearing outside the presence of the jury to determine the sufficiency of the "indicia of reliability" of child hearsay testimony under OCGA § 24-3-16. A separate hearing before the trial court on a threshold determination, such as a motion to suppress or motion in limine, often involves testimony that would be improper for the jury to hear. The Supreme Court of Georgia has recognized that when considering child hearsay testimony under OCGA § 24-3-16, "it may be advisable in some situations to hold such a hearing outside the presence of the jury." *Reynolds v. State*, 257 Ga. 725, 726 (2) (363 SE2d 249) (1988). In *Reynolds*, the Supreme Court concluded that a separate hearing *before* introduction of the testimony was not required under the facts of that case, noting that the trial court "ultimately found the statements reliable and admitted them and obviously would have done the same following a separate hearing." Id. The only objection raised by Reynolds was a hearsay objection to allowing a teacher and social worker to testify to the child victim's statements without *first* holding a hearing on the indicia of reliability under OCGA § 24-3-16. The decision does not indicate that the victim's believability, credibility, or veracity was ever testified to or raised as an issue.

While a trial court's threshold determination of a statement's "reliability" under OCGA § 24-3-16 may involve some consideration of the witness's veracity, this is not necessarily the case. "[T]he child's general credibility" is only one of ten wide-ranging factors which the trial court *may* consider in determining reliability, and the trial court is not limited to a consideration of those ten factors alone. *Gregg*, supra at 240 (3) (b). Many decisions base the determination of reliability entirely on other factors such as the victim's age, consistency of the victim's version of events as recounted to different witnesses, immediate outcry demonstrating lack of "coaching," physical evidence of abuse, or fear of the accused, without considering the veracity of the witness. See, e.g., *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998).

But when the State seeks to support its argument for reliability under OCGA § 24-3-16 with otherwise inadmissible testimony, that testimony must be received outside the presence of the jury.

"[P]ointed questions regarding a victim's credibility" must be asked outside the presence of the jury if they violate "well-established rules forbidding testimony that bolsters the credibility of the victim," even if asked by the trial court itself. *Buice v. State,* supra. If the State asks the trial court to render a decision under OCGA § 24-3-16 based upon testimony that should not be heard by the jury, it cannot first oppose a separate hearing on reliability and then insist on presenting the objectionable testimony to the jury, as it did here.[2]

We find, however, that although the State apparently sought to elicit testimony regarding the victim's credibility and veracity, the mother's answers were not directly responsive. While she testified that she had taught her child the difference between right and wrong and to tell the truth, she responded to the final question by testifying not that her child was always truthful but that she sometimes *had* been untruthful, albeit with respect to "normal things that children lie about." At most, this testimony only implied or suggested that the victim would be truthful with respect to her allegations against Roberson.

Moreover, viewed in light of all the evidence presented at trial, it is highly probable that the mother's ambiguous testimony did not contribute to the jury's verdict. *Letlow v. State,* 222 Ga. App. 339, 343 (474 SE2d 211) (1996). The victim made an immediate outcry to her mother, who confronted Roberson and called the police. The victim's account of Roberson's actions to her mother, a caseworker, and the arresting officer remained consistent. The victim's videotaped interview also was played for the jury. The victim testified at trial, and Roberson had the opportunity to test her memory and credibility before the jury. Evidence of several similar transactions was introduced, including the testimony of another young girl whom Roberson attempted to sodomize several months after his arrest in this case. This girl's mother testified that when she confronted Roberson, he initially denied the accusation, but then took the girl aside and "told her that he would do nothing to hurt her, that he . . . he didn't remember doing that to her, 'cause he was drunk. And that's all he said to her. And I'm trying to remember if it was. . . . I think he told her that he was sorry." The mother also testified that her two young boys later told her that Roberson had attempted to sodomize them in the shower.

---

[2] While the special concurrence asserts that Roberson has failed to raise this issue, this is not the case. Roberson appealed on the basis that the trial court erred in permitting the State to introduce improper bolstering evidence. The State *concedes* that bolstering is improper, but asserts that the testimony is nevertheless admissible under OCGA § 24-3-16, the same argument that *Buice* rejects. *Buice,* moreover, was decided June 29, 1999, after the parties' briefs were filed in this court, and long after the trial in June 1996.

Under these circumstances, we must conclude that although the State improperly attempted to place inadmissible testimony before the jury, the testimony itself did not rise to the level of harmful error in the context of all the evidence presented in this case.

2. Roberson also contends the trial court erred in denying his motion for mistrial when the State introduced evidence of acts not set out in the indictment and also in failing to limit consideration of this evidence in its charge to the jury. We disagree.

It is true that

when the indictment specifies the commission of a crime by only one of several methods possible under the statute, if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a way not alleged in the indictment, it is reversible error to charge the entire Code section.

(Citations and punctuation omitted.) *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909) (1996). But *Perguson* involved the offense of aggravated child molestation, which may be committed either by an act which injures the child or by an act of sodomy. Id.; see OCGA § 16-6-4 (c). In contrast, OCGA § 16-6-4 (a) does not specify alternative ways in which the crime of child molestation may be committed. *Buice v. State*, supra at 59 (5).

Here, the trial court charged the jury with the text of the Code section, "Ladies and gentlemen, a person commits child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." The court read the text of the indictment to the jury and additionally instructed them that they must find that Roberson committed the specific acts alleged in the indictment in order to return a verdict of guilty. The trial court also explicitly instructed the jury, in the context of similar transaction evidence, that Roberson was "on trial for the particular offense charged in this bill of indictment only." Under these circumstances, the trial court properly limited the elements of the crime to those charged in the indictment, and we find no error. *Buice v. State*, supra.

3. Finally, Roberson complains that similar transaction testimony was admitted at trial without any finding of the indicia of reliability under OCGA § 24-3-16. But Roberson did not raise this objection at trial. While Roberson requested a § 24-3-16 hearing with respect to the testimony of the victim in this case, he did not raise this issue with respect to the similar transaction evidence, either at the similar transaction hearing or at the time the witness testified.

Although he renewed his earlier motion at trial, he never raised the ground now asserted. His only objections to the similar transaction testimony were that the sexual activities were not sufficiently similar and that the notice given by the State under Uniform Superior Court Rule 31.3 was insufficient to apprise him of the substance of the transactions. We will not address this argument made for the first time on appeal. *Ramsey v. State*, 214 Ga. App. 743, 744 (1) (448 SE2d 790) (1994).

*Judgment affirmed. Pope, P. J., concurs. Eldridge, J., concurs specially.*

ELDRIDGE, Judge, concurring specially.

I concur in judgment only.

Both in this Court and in the court below, Roberson has contended only that the mother's testimony improperly bolstered the credibility of the victim. That is the error that is before us. In that regard, the defense specifically objected to only *one* question from the prosecution and the subsequent answer from the victim's mother:

[D.A.:] Have you ever had any problem with her lying to you?
[Mother:] You know, normal things that children lie about.
[Defense:] Your Honor, it's improper for the State to use another witness to bolster the credibility of yet another witness with regard to whether she lies or not.

That was it. And that is all Roberson claims on appeal.[3] Because the mother's statement that the victim lies about things other children lie about neither bolstered the credibility of the victim nor contributed to the verdict, the judgment should be affirmed.

However, the bulk of the majority's analysis goes to the impropriety of the State's attempt to bolster the credibility of the victim by proving the "indicia of reliability" before the jury pursuant to OCGA § 24-3-16, the Child Victim Hearsay Statute. I agree with the majority that the State cannot get credibility evidence before the jury in this "backdoor" fashion, but nowhere before this Court has Roberson raised this issue or even mentioned the Child Victim Hearsay Statute. It has long been a guiding principle of this Court that "our consideration is necessarily limited to such specific objections to the admission of that evidence as were raised below." *Hunter v. State*, 202

---

[3] The defense did *not* object to the State's prior two questions asking (1) whether the mother had taught the victim the difference between right and wrong and (2) whether the mother had taught the victim to tell the truth. Moreover, the mother's testimony that she "taught" her child these principles is not the same as testimony that the child employs them, especially when — in the next instant — the mother states the child has lied to her.

Ga. App. 195, 197 (413 SE2d 526) (1991); *Carridine v. State*, 234 Ga. App. 330, 331 (506 SE2d 688) (1998); *Altman v. State*, 229 Ga. App. 769 (1) (495 SE2d 106) (1997). In my view, taking the State (or the defense) to task on the basis of unenumerated and unpreserved issues only undermines the credibility of this Court.

DECIDED DECEMBER 2, 1999.

*Hal T. Peel*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Ross H. Pittman III, Jeffery N. Osteen, Assistant District Attorneys*, for appellee.