A00A1141. CRIDER v. THE STATE.
(542 SE2d 163)

BLACKBURN, Presiding Judge.

Jeffrey A. Crider was convicted by a Muscogee County jury of aggravated assault and aggravated sodomy. The trial court sentenced him to 20 years to serve on each count, to run consecutively. Crider appeals the order denying him a new trial. Crider contends that the trial court erred in (1) admitting child hearsay testimony, (2) failing

---

[14] 234 Ga. App. 401, 402 (506 SE2d 908) (1998).

[15] See id.

to charge the jury on simple battery, and (3) inaccurately charging the jury on the law of aggravated assault. He also claims ineffective assistance of counsel. For reasons that follow, we affirm Crider's convictions.

Viewing the evidence in the light most favorable to the verdict, Crider was drinking early in the morning of March 1, 1998, and began arguing with his girlfriend. Crider became violent, and he hit her with his fists and choked her. He then dragged her by the hair to the bedroom and put his penis in her mouth. A neighbor called the police, and they arrived to find the victim badly bruised, bloody, and with a swollen face. The doctor who treated the victim testified that her injuries were consistent with repeated blows from a fist or open hand. She had a lacerated lip, marks on her neck consistent with choking, and a possibly broken facial bone. She was treated at the hospital and released without stitches.

Crider ran out the back door when the police first arrived, but was in his apartment when the police returned to question him. Crider refused to answer the door, so the police got a warrant, entered the apartment through an unlocked window, and found him hiding in a closet with a bottle of liquor. Crider struggled with the police and claimed that they gave him a black eye. The police took him to the hospital. At the hospital, Crider informed the staff that he had "beat his girlfriend's ass and that every woman needed a good ass whipping every once in a while."

1. At trial the State called Officer McMinnaman, with the Opelika, Alabama, Police Department, to give similar transaction evidence of sexual abuse by Crider. Officer McMinnaman testified that on August 22, 1992, he responded to a report made by M. C., Crider's 12-year-old daughter. She told Officer McMinnaman that Crider entered her bedroom nude, fondled her breasts and vagina, and inserted a finger in her vagina. She kept pulling his hand away, but Crider asked her, "Are you going to be like your mother and make me fight you?"

Although Crider does not appeal the admissibility of the prior act as a similar transaction in general, he does argue that McMinnaman's testimony was inadmissible hearsay. The State claims his testimony was admissible under OCGA § 24-3-16, the Georgia Child Hearsay Statute, which allows certain statements made by children under 14 to be admitted into evidence through the testimony of the person to whom the statement was made. The statement must describe sexual contact or physical abuse, the child must be available to testify, and the trial court must find that the circumstances under which the statement was made provide sufficient indicia of reliability. The prosecutor stated M. C. was available to testify, and there is nothing in the record to contradict this. The trial court did not make

an express finding with respect to the reliability of the statement. A finding of reliability, however, is not a condition precedent to the admissibility of the statement. The question is whether, after both parties have rested, the record contains evidence which would support a finding of reliability. *Gregg v. State*.[1]

> The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same[,] and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.

*Gregg*, supra at 240 (3) (b).

McMinnaman testified that M. C. left her residence and reported the molestation immediately after it occurred and that he spoke with her the same evening. The officer saw no evidence that M. C. was coached, and he did not lead her in making her statement. Applying the factors enumerated in *Gregg*, we find there was sufficient evidence of reliability of M. C.'s statement to satisfy the requirements of OCGA § 24-3-16. Accordingly, McMinnaman's testimony regarding M. C.'s statement was not inadmissible hearsay.

2. Crider argues that the trial court erred in failing to charge the jury on the lesser included offense of simple battery. Counsel asked the court to charge the jury on simple battery, but failed to make the request in writing. Our Supreme Court has established that it is not error for a trial court to fail to charge a lesser included offense if not requested in writing. *State v. Stonaker*.[2] Accordingly, the trial court did not err in refusing to charge the jury on simple battery.

3. Crider reserved objection on the jury charges and argued in his motion for new trial that the trial court erred in inaccurately charging the jury as to aggravated assault. After reading Count 2 of

---

[1] *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991).
[2] *State v. Stonaker*, 236 Ga. 1, 2 (2) (222 SE2d 354) (1976).

the indictment, which charged Crider with aggravated assault, the trial court then charged the jury as to aggravated assault. When doing so, the trial court charged inter alia:

> Aggravated assault is an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving violent injury. A person commits the offense of aggravated assault when that person assaults another person with any object which when used offensively against a person is likely to result in serious bodily injury. To constitute an assault, actual injury to the other person need not be shown. It is only necessary that the evidence show beyond a reasonable doubt an intention to commit injury on another person coupled with the apparent ability to commit the injury or that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury from the defendant.

See record, vol. 2, p. 124; record, vol. 3, p. 9. This charge, when considered as a whole, adequately states the law of aggravated assault under OCGA § 16-5-21, applicable under the facts of this case.

As is herein relevant, the offense of aggravated assault requires that an assault, as defined in OCGA § 16-5-20, was committed on the victim and that such assault was aggravated by either (a) an intention to murder, to rape, or to rob, or (b) involved the use of a deadly weapon or any object, device, or instrument which, when used offensively against a person is likely to or actually does result in serious bodily injury. See OCGA § 16-5-21 (a); *King v. State;*[3] *Harrison v. State.*[4]

In this case, the indictment charged Crider under OCGA § 16-5-21 (a) (2), serious bodily injury resulting from the use of Crider's hands, to choke the victim. Under such indictment, the State is not required to also indict the defendant under OCGA § 16-5-21 (a) (1) or to prove that the defendant intended to murder, to rape, or to rob the victim, even though the facts of the case might well have supported such a contention.

The use of hands to choke a victim satisfies the deadly weapon or dangerous object element of the aggravated assault statute. See *Richards v. State.*[5] In an indictment alleging that a defendant assaulted the victim "by kicking her in the head and shoulder area

---

[3] *King v. State,* 178 Ga. App. 343 (343 SE2d 401) (1986).
[4] *Harrison v. State,* 60 Ga. App. 610 (1) (4 SE2d 602) (1939).
[5] *Richards v. State,* 222 Ga. App. 853 (476 SE2d 598) (1996).

and by striking her with his hands and feet," it was unnecessary to further allege that defendant used his hands and feet as deadly weapons or that there was an intent to injure. See *Gafford v. State*.[6] An indictment charging that defendant's fists were likely to result in serious bodily injury was sufficient, and no reference to deadly weapons was required. See *Jay v. State*.[7] The trial court did not err as contended by Crider in this Division.

4. Crider maintains that he received ineffective assistance of counsel.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.]" *Warren v. State*.[8]

> The burden was on [Crider] to show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. A strong presumption exists that representation has been effective, and trial strategy and tactics do not establish ineffective assistance. In the absence of testimony to the contrary, counsel's actions are presumed strategic.

(Citations and punctuation omitted.) *Straite v. State*.[9]

(a) Officer McMinnaman testified that he believed M. C. was being truthful when she told him that Crider abused her. Crider argues that defense counsel rendered ineffective assistance by not objecting to this testimony. It is well settled that the credibility of a witness cannot be bolstered by the opinion of another. See *Lagana v. State*.[10] Although OCGA § 24-3-16 allows a child's statement to be introduced through the testimony of another, it does not open the door for opinion testimony regarding the child's truthfulness. See *Roberson v. State*.[11] McMinnaman's opinion testimony here was improper. Assuming, without deciding, that counsel's failure to object amounted to ineffective assistance of counsel, the failure to object would nevertheless not warrant a reversal. M. C.'s statement was introduced to establish a similar transaction, and not the crime for which Crider was being tried. Furthermore, the prosecution introduced independent evidence of Crider's sexual abuse of M. C. through the introduction of his conviction in connection with the incident. The prosecution also elicited testimony from McMinnaman regarding the

---

[6] *Gafford v. State*, 240 Ga. App. 251 (523 SE2d 336) (1999).
[7] *Jay v. State*, 232 Ga. App. 661 (503 SE2d 563) (1998).
[8] *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).
[9] *Straite v. State*, 238 Ga. App. 420, 424 (4) (518 SE2d 914) (1999).
[10] *Lagana v. State*, 219 Ga. App. 220, 221 (1) (464 SE2d 625) (1995).
[11] *Roberson v. State*, 241 Ga. App. 226 (526 SE2d 428) (1999).

circumstances surrounding M. C.'s statement that provided a context, apart from his opinion testimony, that would help the jury make an informed judgment regarding the truthfulness of M. C.'s statement. See, e.g., *Stamey v. State*[12] (physical precedent only). There is no reasonable likelihood that the results would have differed absent the improper testimony, and the trial court did not err as alleged.

(b) Crider argues that his counsel was ineffective because counsel failed to object to the admissibility of Crider's statements that he beat the victim, and because counsel failed to request a jury charge regarding the voluntariness of Crider's statements. Before Crider's statements were introduced, the court held a *Jackson-Denno* hearing. Evidence showed that Crider was read his *Miranda* warnings twice before making the statements which he sought to suppress. In any event, his statements were made to hospital personnel, in response to their inquiry, and not in response to police questioning. Crider's statements were admissible.

Counsel's decision not to request a jury charge regarding the voluntariness of Crider's statement can be characterized as a matter of trial strategy. Counsel may have chosen not to focus the jury's attention upon Crider's inculpatory comments.

Crider's convictions are affirmed.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 13, 2000.

*William J. Mason*, for appellant.
*J. Gray Conger*, District Attorney, *Eddie B. Bassett, Robert B. Bickerstaff II*, Assistant District Attorneys, for appellee.

---

[12] *Stamey v. State*, 194 Ga. App. 305, 306 (1) (a) (390 SE2d 409) (1990).